## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| Randy Squires et al | ) | |
|     4008 21 St. N.E. | ) | |
|     Washington D.C. 20018 | ) | |
|     Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| Robert Atcheson | ) | |
|     Metropolitan Police Department | ) | |
|     6th District Headquarters | ) | |
|     100 42nd Street N.E. | ) | |
|     Washington D.C. 20019 | ) | |
| and | ) | C.A. N0. |
|  | ) | |
| District of Columbia, et al. | ) | |
| Serve: Mayor Anthony Williams | ) | |
|     Office of the Secretary | ) | |
|     1350 Pennslyvania Ave., NW # 409 | ) | |
|  | ) | |
|     Office of the Attorney General | ) | |
|     441 4th Street NW | ) | |
|     Washington, DC 20001 | ) | |
|  | ) | |
|     Defendants | ) | |

_____ )

## COMPLAINT

COMES NOW Plaintiff, Randy Squires, by and through undersigned counsel, and files

this  complaint for damages against Defendants District of Columbia and Robert Atcheson  for

alleged violations of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

1.      Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000(e) et seq., the

Civil Rights Act of 1964, as amended and 28 U.S.C. §§ 1331, 1337, and 1343 and § 1981 et seq. Venue is proper as the employment practices at issue were committed within the jurisdiction of the District of Columbia.

## PARTIES

2.      At all relevant times, Plaintiff Randy Squires, an African-American, was employed by the District of Columbia Metropolitan Police Department.  Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission, (" EEOC")  wherein he complained on the basis of race discrimination, and  harassment. the initial complaint in this case was timely filed. The Complaint was timely filed and the EEOC  issued a right to sue letter on March 8, 2005.

3.      Defendant, District of Columbia Government ("D.C."), is a municipality that controls and operates the District of Columbia  Metropolitan Police Department ("DCMPD").

4.      Defendant, Robert Atcheson("Atcheson"),  is a Caucasian  officer and Lieutenant in the DCMPD who had responsibilty for Enviromental Crimes Unit("ECU") Warrant Squad and the Paternity Warrant Sqaud  and is being sued in his individual and official capacities.  Plaintiff asserts the theory of *respondeat superior.*

## FACTS

5.      In October 1988 Plaintiff was employed by the DCMPD.  The  Plaintiff was later transferred to the Environmental Crimes Unit ("ECU") over which  commander Broadbent, Jr had overall control.  Defendant  Atcheson had day to day control of the said unit and was  responsible for Plaintiff's immediate superiors.

6.      During the time that Plaintiff was assigned to ECU he experienced  flagrant racial discriminatory conduct on the part of Defendant Atcheson, pursuant to which he filed a complaint

2

with the EEO Counselor. At all times referenced herein, Defendant's conduct was designed to intimidate, insult, emasculate and humiliate Plaintiff.

7.  Despite Plaintiff notifying his superiors about Atcheson's conduct, Defendant Atcheson continued to regularly used excessive profanities toward African-American police officers including Plaintiff, and verbally abused Plaintiff on numerous occasions. In one instance Defendant Atcheson referred to Plaintiff as a "mope", a racially motivated epithet for the "N" word. Notwithstanding, Plaintiff's complaint to Captain Brito no disciplinary measure was taken against Atcheson.

8.  Defendant Atcheson, with the knowledge of his supervisors intentionally, repeatedly and maliciously subjected Plaintiff to offensive, intimidating and racially offensive behavior. He frequently subjected Plaintiff to excessive and disproportionate discipline, in comparison to Plaintiff's Caucasian co-workers.

9.  As part of Defendant Atcheson's repeated hostility and discrimination Defendant Atcheson would deliberately wait before Plaintiff completed his shift, then he would order Plaintiff to his office for an aggressive 'question and answer' session.

10.  In another instance when Plaintiff was wrongly charged by North Carolina Police, Defendant Atcheson falsified Plaintiff's account of the event and gave it to North Carolina Police. Defendant Atcheson knew that his manufactured evidence would be detrimental to Plaintiff but beneficial to Prosecutors in North Carolina.

11.  Defendant wrongly accused Plaintiff of unauthorized taking of a police vehicle. Defendant Atcheson falsely told Plaintiff that he had photographic evidence of the police car outside Plaintiff's home overnight and of Plaintiff driving the car from his home. Defendant used oppressive conduct by further telling Plaintiff that: "They (officers in North Carolina) had enough

evidence to lock him up and you don't  want to go before the three wise men ( the trial board). Therefore, it would be better for you to accept the adverse action."  Although Defendant knew his accusation was false he  cajoled  Plaintiff to write : "I  took  the car home last night and would not do it again."   The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

12.    Defendant's treatment of Plaintiff  was particularly unfair in relation to the use of police cars.   Whilst Defendant ordered Plaintiff not to take home  any police car; he openly permitted Paul Kurgan, a Caucasian to take his police  car home.   Defendant's different treatment of Plaintiff was solely based on Plaintiff's race.

13.    Despite knowledge that  Defendant Atcheson  racially  abused,  victimized and offended  minority  police officers including Plaintiff,  he has never been disciplined in a manner, that would require him to change his behavior.  Police managers failed to discipline him or sanction his behavior .

14.    Police mangers, including but not limited to Commander John and Captain Brito knew that  Defendant Atcheson, by way of his aggressive, racially  motivated and  offensive behavior,  victimized and harassed  Plaintiff, but failed to take any action to prevent Defendant's conduct.

15.     As a direct result of Defendant's ability to act with impunity, he developed a  heightened sense of indifference whilst conducting  a racially motivated and retaliatory  campaign of hatred against Plaintiff.  Defendant Atcheson regularly impugned Plaintiff's character by stating to other police officers that Plaintiff was a 'scumbag who did not deserve to be in the police and he was going to get him fired.'  In a further attempt to embarrass Plaintiff,  Defendant Atcheson stated to a police   union representative that Plaintiff was a criminal who had been locked up in North Carolina.

16.    In November 2001 Defendant Atcheson without any legitimate reason assigned Plaintiff to desk duties and seized his gun and badge. Defendant then telephoned Plaintiff to enquire whether he was carrying his department issued pager. When Plaintiff answered in the negative, Defendant Atcheson assure Plaintiff not to worry himself. On November 2, 2001 contrary to Defendant Atcheson's advice he proceeded to compel Sgt Shakir Muslim to officially investigate the matter. Defendant Atcheson, then wrote an adverse report against Plaintiff. Defendant Atchenson's conduct was designed to force Plaintiff's dismissal from the Police Force for no reason other than his race.

17.    Defendant Atcheson also manufactured other evidence to secured Plaintiff termination, to wit falsely charging Plaintiff with lying to an official and making a false statement about an interview of two witnesses.

18.    In 2002 Defendant deprived Plaintiff of appropriate breathing apparatus which is designed to save life in emergency and hazardous situations. Defendant Atcheson nonetheless, provided the same apparatus to Paul Kurgan and Carl Ruleman, who are both Caucasian officers. In the preceding and subsequent paragraphs where no dates are stated, Plaintiff reasonably believes that the allegations in these paragraphs are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

19.    Defendant further denied Plaintiff numerous requests for overtime whilst granting the same to Caucasian officers.

20.    Defendant constantly denied Plaintiff's request to attend training courses, including but not limited to a request to attend a training course in Pennsylvania dealing with Environmental Crimes . By contrast Defendant allowed Paul Kurgan, a similarly situated Caucasian officer, to attend such courses.

21.    In 2003 Defendant Atcheson attempted to secure a lower evaluation for Plaintiff but

demanded a higher rating for Paul Kurgan, a Caucasian officer.

## COUNT I
## RACIAL DISCRIMINATION
## TITLE VII
## District of Columbia and Atcheson

22.    Plaintiff incorporates by reference all the allegations in paragraphs 1 through 21.

23.    Defendant Atcheson treated Plaintiff differently than similarly situated Caucasian police officers in  several respect, including but not limited to assignments, evaluation, and disciplinary actions, deprivation of overtime and use of departmental vehicles.

24.    Plaintiff  believe that they were subjected to this disparate treatment on the basis of their race, in direct violation of Title VII.

25.    As a direct and proximate cause of Defendants' discrimination, Plaintiff have suffered,  and will continue to suffer severe emotional distress and mental anguish, including but not limited to embarrassment, humiliation and loss of self esteem.

**WHEREFORE**, each Plaintiff  respectfully prays that this Honorable Court enters:

(a)    Judgment against Defendants for compensatory damages in excess of three hundred fifty thousand dollars ($350,000.00) per Plaintiff;

(b)    Judgment against Defendants  for reasonable attorney fees and costs of this action and;

(c)    Judgment against Defendants  for such other and further relief as this Court deems just and proper.

## COUNT II
## RACIAL DISCRIMINATION (HOSTILE WORK PLACE)
## TITLE VII
### District of Columbia and Defendant Atcheson

26.     Plaintiff  incorporate by reference all the allegations in paragraphs 1 through 25.

27.     Defendants  deliberately intimidated, frustrated, patronized  and offended Plaintiff
and created an hostile workplace environment.

28.     Defendant's Atcheson's use of language , certain remarks and  actions  intentionally
created a workplace climate of fear, intimidation and   humiliation.

WHEREFORE, Plaintiff respectfully pray  that this Honorable Court enters:

(a)     Judgment against Defendants  for compensatory damages in excess of three hundred
fifty thousand  dollars ($350,000.00) per Plaintiff;

(b)      Judgment  against  Defendant  Atcheson  for   punitive  damages  in  an  amount  in
excess of three hundred and fifty thousand dollars ($350,000.00);

(c)     Judgment against Defendants for  reasonable attorney fees and costs of this action;

(d)     Judgment against Defendants  for such other and further relief as this Court deems
just and proper.

## COUNT III
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1981
### District Of Columbia and Defendant Atcheson

29.    Plaintiff incorporates by reference all the allegations in paragraphs 1

through 28.

30.    Plaintiff is a member of a protected class by virtue of his race, African-American

31.    Defendant Atcheson's actions and disparate treatment of  Plaintiff interfered

intentionally and wrongly interfered with Plaintiff's rights to make and/or enforce a contract and

to full and equal benefit of all laws for the security of persons because of their race.

32.    As a direct and proximate result of Defendant's acts or omissions Plaintiff

sustained injuries.

33.    As a further direct and proximate result of the  Defendant's racially motivated

behavior, Plaintiff has suffered and will continue to suffer, indignity, embarrassment, humiliation,

loss of self esteem, undue stress, mental anguish and emotional and psychological harm.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court enters:

(a)    Judgment against Defendants for compensatory damages in an amount in

excess of three hundred fifty thousand dollars ($350,000.00);

(b)    Judgment against Defendant Atcheson  for punitive damages in an amount in

excess of three hundred fifty thousand dollars ($350,000.00) for

Defendant's  actions towards  Plaintiff and to deter similar conduct in the future;

and

(b)    Judgment against Defendants for reasonable attorneys fees, costs and such

8

other relief the  Court deems just and proper.

**COUNT IV**
**RETALIATION**
**District of Columbia and Defendant Atcheson**

34.    Plaintiff incorporates by reference all the allegations in paragraphs 1

through 33.

35.    Plaintiff believes that Defendant Atcheson and others retaliated against him as a

result of Plaintiff complaining about, including but not limited to, Defendant's racially motivated

conduct.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court enters:

(a)    Judgment against Defendant for compensatory damages in an amount in

excess of three hundred fifty thousand dollars ($350,000.00);

(b)    Judgment against Defendant for punitive damages in an amount in excess of one

hundred fifty thousand dollars ($350,000.00) for Defendant's actions towards

Plaintiff and to deter similar conduct in the future; and

(b)    Judgment against Defendant for reasonable attorneys fees, costs and such other

relief as this court deems just and proper.

**COUNT V**
**NEGLIGENT SUPERVISION**
**(District of Columbia)**

36.    Plaintiff incorporates by reference all the allegations in paragraphs 1 through 35.

37.    Defendant District of Columbia owed Plaintiff a duty to use reasonable care in the

supervision and discipline of DCMPD staff.  That duty includes the duty to discipline and supervise

officers known to conduct themselves in an illegal and  racially  offensive and insensitive

9

manner in the performance of their workplace duties.

38.    Defendant District of Columbia violated their duty of care to Plaintiff.

39.    As a direct and proximate result of Defendant's negligence Plaintiff has suffered

significant emotional harm, including mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court enters :

(a)    Judgment against Defendants for compensatory damages in excess of three hundred

fifty thousand dollars ($350,000.00); and

(b)    Judgment against Defendant for such other and further relief as this Court deems

just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues

Respectfully submitted,

By    _____/s/_____

Donald M. Temple, Esq.# 408749
1229 15th Street
Washington, D.C. 20005
(202) 628 1101
(202) 628 1149 facsimile
For Plaintiff