## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES,<br><br>     Plaintiff,<br><br>v.<br><br><br><br>DISTRICT OF COLUMBIA, et al.,<br><br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1120 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT ROBERT ATCHESON'S ANSWER TO THE COMPLAINT

COMES NOW Defendant Robert Atcheson, by and through counsel, and answers the Complaint herein as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs of the complaint the defendant specifically answers as follows:

### SECOND DEFENSE

In answer to the numbered paragraphs in Plaintiff's Complaint, Defendant Atcheson ("Defendant") answers:

1.    Defendant neither admits nor denies the allegations of Paragraph 1 of the Complaint because it contains a legal conclusion to which no answer is required.

2.    Defendant admits the first sentence of Paragraph 2 of the Complaint.  Defendant neither admits nor denies the allegations of Paragraph 2 of the Complaint because he lacks sufficient information to form a belief as to the truth of the matter alleged.

3.    Defendant admits the allegation contained in Paragraph 3 of the Complaint.

4.    Defendant admits the allegation contained in Paragraph 4 of the Complaint.

5.    Defendant admits the allegation contained in Paragraph 5 of the Complaint.

6.    Defendant admits the allegation contained in Paragraph 6 of the Complaint.

7.    Defendant admits the allegation contained in Paragraph 7 of the Complaint.

8.    Defendant admits the allegation contained in Paragraph 8 of the Complaint.

9.    Defendant admits the allegation contained in Paragraph 9 of the Complaint.

10.    Defendant admits that he is Caucasian and that his current rank is Lieutenant. Defendant neither admits nor denies the allegations of Paragraph 10 of the Amended Complaint relating to the capacity in which Defendant is being sued.

## COMMON FACTUAL ALLEGATIONS

11.    Defendant admits the allegation of Paragraph 11 of the Amended Complaint.

12.    Defendant denies the allegation of Paragraph 12 of Plaintiff's Amended Complaint.

13.    Defendant denies the allegation of Paragraph 13 of Plaintiff's Amended Complaint.

14.    Defendant neither admits nor denies the allegations of Paragraph 14 of the Amended Complaint because he lacks sufficient information to form a belief as to the truth of the matter asserted.

15.    Defendant denies the allegation of Paragraph 15 of Plaintiffs' Amended Complaint. Defendant Atcheson admits that his supervisors were aware and approved of his actions.

16.     Defendant denies the allegation of Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegation of Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegation of Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegation of Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations of Paragraph 20 of the Plaintiffs' Amended Complaint.

21.     Defendant denies the allegation of Paragraph 21 of Plaintiffs' Amended Complaint.

22.     Defendant denies that he ever subjected anyone to excessive and disproportionate discipline.

23.     Defendant denies the allegation of Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegation of Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegation of Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegation of Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegation of Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegation of Paragraph 28 of Plaintiff's Complaint.

29.     Defendant neither admits nor denies the allegations of Paragraph 29 of Plaintiffs' Amended Complaint because he lacks sufficient information so as to form a belief as to the matter asserted.

30.     Defendant neither admits nor denies the allegations of Paragraph 30 of Plaintiffs' Amended Complaint because the term "deliberately and willfully" is vague. Defendant did give Sergeant White a performance evaluation in Defendant's official capacity.

31.     Defendant denies the allegations of Paragraph 31 of the Amended Complaint.

32.    Defendant denies the allegations of Paragraph 32 of the Amended Complaint.

33.    Defendant denies the allegations of Paragraph 33 of the Amended Complaint.

34.    Defendant denies the allegations of Paragraph 34 of the Amended Complaint.

35.    Defendant denies the allegations of Paragraph 35 of the Amended Complaint.

36.    Defendant neither admits nor denies the allegations of Paragraph 36 of the Complaint because he lacks sufficient information as to form a belief as to the truth of the matter asserted.

37.    Defendant denies the allegations of Paragraph 37 of the Amended Complaint.

38.    Defendant denies the allegations of Paragraph 38 of the Amended Complaint.

39.    Defendant denies the allegations of Paragraph 39 of the Amended Complaint.

40.    Defendant denies the allegations of Paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations of Paragraph 41 of the Amended Complaint.

42.    Defendant denies the allegations of Paragraph 42 of the Amended Complaint.

43.    Defendant denies the allegations of Paragraph 43 of the Amended Complaint.

44.    Defendant neither admits nor denies the allegations of Paragraph 44 of the Amended Complaint because he lacks sufficient information as to form a belief as to the truth of the matter asserted.

45.    Defendant denies the allegations of Paragraph 45 of the Amended Complaint.

46.    Defendant denies the allegations of Paragraph 46 of the Amended Complaint.

47.    Defendant denies the allegations of Paragraph 47 of the Amended Complaint.

48.    Defendant denies the allegations of Paragraph 48 of the Amended Complaint.

49.    Defendant denies the allegations of Paragraph 49 of the Amended Complaint.

50.   Defendant neither admits nor denies the allegations of Paragraph 50 of the Amended

Complaint because he lacks sufficient information as to form a belief as to the truth of

the matter asserted.

51.   Defendant denies the allegations of Paragraph 51 of the Amended Complaint.

52.   Defendant denies the allegations of Paragraph 52 of the Amended Complaint.

53.   Defendant denies the allegations of Paragraph 53 of the Amended Complaint.

54.   Defendant denies the allegations of Paragraph 54 of the Amended Complaint.

55.   Defendant denies the allegations of Paragraph 55 of the Amended Complaint.

56.   Defendant neither admits nor denies the allegations of Paragraph 56 of the Complaint

because he lacks sufficient information to form a belief as to the truth of the matter

asserted.

57.   Defendant denies the allegations of Paragraph 57 of the Amended Complaint.

58.   Defendant denies the allegations of Paragraph 58 of the Amended Complaint.

59.   Defendant neither admits nor denies the allegations of Paragraph 59 of the Complaint

because he lacks sufficient information to form a belief as to the truth of the matter

asserted.

60.   Defendant denies the allegations of Paragraph 60 of the Amended Complaint.

61.   Defendant denies the allegations of Paragraph 61 of the Amended Complaint.

62.   Defendant denies the allegations of Paragraph 62 of the Amended Complaint.

## COUNT I

63.   This Count is directed solely to another Defendant.  To the extent that any allegations

apply to Defendant Atcheson, they are denied.

64.    This Count is directed solely to another Defendant. To the extent that any allegations apply to Defendant Atcheson, they are denied.

65.    This Count is directed solely to another Defendant. To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

66.    This Count is directed solely to another Defendant. To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

67.    This Count is directed solely to another Defendant. To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

## COUNT II

68.    Defendant incorporates all of his answers in Paragraphs 1-67 as if incorporated herein in full. This Count is directed solely to another Defendant. To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

69.    This Count is directed solely to another Defendant. To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson

notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

70.    This Count is directed solely to another Defendant.  To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

### COUNT III

71.    Defendant incorporates all of his answers in Paragraphs 1-70 as if incorporated herein in full.  This Count is directed solely to another Defendant.  To the extent that any allegations apply to Defendant Atcheson, they are denied.

72.    This Count is directed solely to another Defendant.  To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

73.    This Count is directed solely to another Defendant.  To the extent that any allegations apply to Defendant Atcheson, they are denied. In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

### COUNT IV

74.    Defendant incorporates all of his answers in Paragraphs 1-73 as if incorporated herein in full.

75.    Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.   In further answer, Defendant Atcheson notes that the stipulation of

November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

76.  Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.    In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

**COUNT V**

77.  Defendant incorporates all of his answers in Paragraphs 1-76 as if incorporated herein in full.

78.  Defendant neither admits nor denies the allegations of Paragraph 78 as it states a legal conclusion to which no answer is required.

79.  Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint.    In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

80.  Defendant denies the allegations contained in Paragraph 80 of the Amended Complaint.    In further answer, Defendant Atcheson notes that the stipulation of November 22, 2005 dismissing Plaintiff's Title VII claims on the merits adjudicates this issue in favor of Defendant Atcheson.

### Third Defense

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

Defendant acted within the course and scope of his employment, has performed his obligations, if any, towards Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries were the result of their own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

Defendant's interpretations of all applicable contractual, statutory, regulatory, constitutional, and common law requirements are rational and reasonable, are not arbitrary and capricious, and are otherwise in accordance with the law.

### Seventh Defense

At all times relevant herein, Defendant acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Eighth Defense**

Defendant asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Ninth Defense**

Acts or omissions of Defendant were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Tenth Defense**

Plaintiffs may have failed to mitigate their damages.

**Eleventh Defense**

Plaintiffs' claims are barred by collateral estoppel and res judicata.

**Twelfth Defense**

Plaintiffs are not entitled to punitive damages.

**Thirteenth Defense**

Plaintiffs are not entitled to attorney's fees.

**Fourteenth Defense**

Defendant reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

**Set-off**

Defendant asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

**Jury Demand**

Defendant hereby demands a trial by jury.

10

WHEREFORE, having fully answered the complaint filed herein, Defendant prays that

same be dismissed, and that he recover the costs of suit expended herein.

Dated: December 15, 2005            Respectfully submitted,

                                    ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General
Civil Litigation Division


 

KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


 

WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of the Defendant Robert Atcheson was served electronically on this  15th day of  December 2005 to all parties of record.


_____

WENDEL HALL
Assistant Attorney General