## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : C. A. No.1:05cv1120 (JR) |
| | : |
| ROBERT ATCHESON, *et al.*, | : |
| | : |
| Defendants. | : |

## DISTRICT DISTRICT OF COLUMBIA'S ANSWER
## TO THE AMENDED COMPLAINT

Defendant District of Columbia (hereinafter "the District"), by and through counsel, responds to the amended complaint with particularity and in like-numbered paragraphs as follows:

### JURISDICTION AND VENUE

1.      The District admits the existence of the statutory authority cited in paragraph 1, but denies that it necessarily confers jurisdiction over the District and that venue is proper solely by reason thereof.

### PARTIES

2.      The District admits that plaintiff Police Officer Randy Squires was employed by the District of Columbia Metropolitan Police Department.  The District has insufficient information to admit or deny that plaintiff timely filed a complaint with the EEOC and that the basis for his complaint was race discrimination and harassment.

3.      The District admits that plaintiff Police Officer Sergeant Louie White was employed by the District of Columbia Metropolitan Police Department.

4.    The District admits that plaintiff Police Officer Wai Tat Chung was employed by the District of Columbia Metropolitan Police Department.

5.    The District admits that plaintiff Police Officer Robert Bush was employed by the District of Columbia Metropolitan Police Department.

6.    The District admits that plaintiff Police Officer Gregory Johnson was employed by the District of Columbia Metropolitan Police Department.

7.    The District admits that plaintiff Police Officer Joseph Gatling was employed by the District of Columbia Metropolitan Police Department.

8.    The District admits that plaintiff Police Officer Shakir Muslim was employed by the District of Columbia Metropolitan Police Department.

9.    The District admits that it is a municipality that controls and operates the Metropolitan Police Department.

10.    Paragraph 10 contains conclusions of the pleader and, therefore, no answer is required.

<u>FACTS COMMON TO ALL COUNTS</u>

11.    The District has insufficient information to admit or deny the allegations contained in paragraph 11 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

12.    The District denies that allegations contained in paragraph 12 of the amended complaint.

13.    The District denies the allegations contained in paragraph 13 of the amended complaint.

**RANDY SQUIRES**

14.     The District admits the allegations contained in paragraph 14 of the amended complaint.

15.     The District has insufficient information to admit or deny the allegations contained in paragraph 15 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

16.     The District has insufficient information to admit or deny the allegations contained in paragraph 16 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

17.     The District has insufficient information to admit or deny the allegations contained in paragraph 17 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

18.     The District has insufficient information to admit or deny the allegations contained in paragraph 18 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

19.     The District has insufficient information to admit or deny the allegations contained in paragraph 19 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

20.     The District has insufficient information to admit or deny the allegations contained in paragraph 20 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

21.    The District has insufficient information to admit or deny the allegations contained in paragraph 21 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

22.    The District has insufficient information to admit or deny the allegations contained in paragraph 22 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

23.    The District has insufficient information to admit or deny the allegations contained in paragraph 23 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

24.    The District has insufficient information to admit or deny the allegations contained in paragraph 24 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

25.    The District has insufficient information to admit or deny the allegations contained in paragraph 25 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

26.    The District has insufficient information to admit or deny the allegations contained in paragraph 26 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

27.    The District has insufficient information to admit or deny the allegations contained in paragraph 27 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

28.     The District has insufficient information to admit or deny the allegations contained in paragraph 28 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

LOUIE WHITE

29.     The District has insufficient information to admit or deny the allegations contained in paragraph 29 of the amended complaint.

30.     The District has insufficient information to admit or deny the allegations contained in paragraph 30 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

31.     The District has insufficient information to admit or deny the allegations contained in paragraph 31 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

32.     The District has insufficient information to admit or deny the allegations contained in paragraph 32 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

33.     The District has insufficient information to admit or deny the allegations contained in paragraph 33 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

34.     The District has insufficient information to admit or deny the allegations contained in paragraph 34 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

35.    The District has insufficient information to admit or deny the allegations contained in paragraph 35 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

WAI TAT CHUNG

36.    The District has insufficient information to admit or deny the allegations contained in paragraph 36 of the amended complaint.

37.    The District has insufficient information to admit or deny the allegations contained in paragraph 37 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

38.    The District has insufficient information to admit or deny the allegations contained in paragraph 38 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

39.    The District has insufficient information to admit or deny the allegations contained in paragraph 39 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

40.    The District has insufficient information to admit or deny the allegations contained in paragraph 40 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

41.    The District has insufficient information to admit or deny the allegations contained in paragraph 41 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

42.     The District has insufficient information to admit or deny the allegations contained in paragraph 42 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

43.     The District has insufficient information to admit or deny the allegations contained in paragraph 43 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

ROBERT BUSH

44.     The District has insufficient information to admit or deny the allegations contained in paragraph 44 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

45.     The District has insufficient information to admit or deny the allegations contained in paragraph 45 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

46.     The District has insufficient information to admit or deny the allegations contained in paragraph 46 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

47.     The District has insufficient information to admit or deny the allegations contained in paragraph 47 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

48.     The District has insufficient information to admit or deny the allegations contained in paragraph 48 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

49.    The District has insufficient information to admit or deny the allegations contained in paragraph 49 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing

GREGORY JOHNSON

50.    The District has insufficient information to admit or deny the allegations contained in paragraph 50 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

51.    The District has insufficient information to admit or deny the allegations contained in paragraph 51 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

52.    The District has insufficient information to admit or deny the allegations contained in paragraph 52 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

53.    The District has insufficient information to admit or deny the allegations contained in paragraph 53 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

54.    The District has insufficient information to admit or deny the allegations contained in paragraph 54 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

55.    The District has insufficient information to admit or deny the allegations contained in paragraph 55 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

JOSEPH GATLING

56.    The District has insufficient information to admit or deny the allegations contained in paragraph 56 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

57.    The District has insufficient information to admit or deny the allegations contained in paragraph 57 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

58.    The District has insufficient information to admit or deny the allegations contained in paragraph 58 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

SHAKIR MUSLIM

59.    The District has insufficient information to admit or deny the allegations contained in paragraph 59 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

60.    The District has insufficient information to admit or deny the allegations contained in paragraph 60 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

61.    The District has insufficient information to admit or deny the allegations contained in paragraph 61 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

62.    The District has insufficient information to admit or deny the allegations contained in paragraph 62 of the amended complaint.  To the extent that answer is required, the District denies any inference of any wrongdoing.

COUNT I

RACIAL DISCRIMINATION TITLE VII

Plaintiff Squires

<u>Defendant District of Columbia</u>

63.     The District incorporates its answers to paragraphs 1 through 62 as if separately set forth herein.

64.     Paragraph 64 contains conclusions of law and of the pleader and, therefore, no answer is required.

65.     The District denies that it is liable to plaintiff Squires.

66.     The District denies that it is liable to plaintiff Squires.

67.     The District denies that it is liable to plaintiff Squires.

COUNT II

HOSTILE WORK PLACE DISCRIMINATION

TITLE VII

Plaintiff Squires
<u>Defendant District of Columbia</u>

68.     The District incorporates its answers to paragraphs 1 through 67 as if separately set forth herein.

69.     The District denies that it is liable to plaintiff Squires.

70.     The District denies that it is liable to plaintiff Squires.

COUNT III

RETALIATION

TITLE VII

Plaintiff Squires
Defendant District of Columbia

71.     The District incorporates its answers to paragraphs 1 through 71 as if
separately set forth herein.

72.     The District denies that it is liable to plaintiff Squires.

73.     Paragraph 73 contains conclusions of law and of the pleader and,
therefore, no answer is required. To the extent that an answer is required, the District
denies that it is liable to plaintiff Squires.

COUNT IV

RETALIATION

Section 1981

Plaintiff Squires
Defendant District of Columbia

74.     The District incorporates its answers to paragraphs 1 through 74 as if
separately set forth herein.

75.     The District denies that it is liable to plaintiff Squires.

76.     Paragraph 73 contains conclusions of law and of the pleader and,
therefore, no answer is required. To the extent that an answer is required, the District
denies that it is liable to plaintiff Squires.

COUNT V

VIOLATION OF 42 U.S.C SECTION 1981RETALIATION

All Plaintiffs

District of Columbia and Defendant Atcheson

77.     The District incorporates its answers to paragraphs 1 through 77 as if separately set forth herein.

78.     Paragraph 78 contains conclusions of law and of the pleader and, therefore, no answer is required...

79.     The District denies that it is liable to plaintiffs.

80.     The District denies that it is liable to plaintiffs.

Affirmative Defenses

First Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

Second Defense

The District is not liable to plaintiffs under 42 U.S.C. § 1981.

Third Defense

Plaintiffs may have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

Fourth Defense

All actions taken by District relating to Plaintiffs were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

Fifth Defense

Plaintiffs were not subjected to an adverse employment action.

<u>Sixth Defense</u>

The District has a bona fide EEO policy and procedures and, therefore, the District cannot be held is not liable to plaintiff.

<u>Seventh Defense</u>

The District denies that any District policymaker adopted, approved, condoned and/or maintained an unconstitutional policy, practice or custom of unlawful employment practices.

<u>Eighth Defense</u>

Plaintiff cannot prove invidious discrimination by the District of Columbia.

<u>Ninth Defense</u>

Plaintiffs cannot prove intentional discrimination by the District of Columbia.

<u>SET-OFF</u>

District claims a set-off for any debts Plaintiffs owe to it and for any benefits it may have given or conferred upon Plaintiffs, including, without limitation, unpaid taxes, health and hospital care, the cost of any care or treatment of Plaintiffs rendered or paid for by the District through any means, Medicare or Medicaid, AFDC, GPF or any other benefit.

<u>JURY DEMAND</u>

District hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH [354696]
Assistant Attorney General
Chief, Section II Civil Litigation


 /s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile:  (202) 727-3625
E-mail: davida.jackson@dc.gov