IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RANDY SQUIRES, et, al. | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 05cv01120 |
| ROBERT ATCHESON, et al.. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**LOCAL CIVIL RULE 16.3(d) REPORT AND PROPOSED SCHEDULING ORDER**

Plaintiffs, Randy Squires, et al., Defendants, Robert Atcheson and the District of Columbia, by their undersigned attorneys and pursuant to Local Civil Rule 16.3(d) of this Court, hereby file this Report and Proposed Scheduling Order and state as follows:

1. **Dispositive Motions**

Defendant Atcheson believes that this matter can be resolved through a dispositive motion and that extensive discovery is unnecessary to create a complete record for decision. The Metropolitan Police Department has conducted a series of investigatory hearings into Plaintiffs' allegations. Hearings were conducted on June 16, 17, and 20, 2005; August 1, 2, 3, 5, 8, 9, 10, and 11, 2005; November 16, 17, 18, and 21, 2005; and December 20 and 21, 2005. A total of 33 witnesses testified under oath at the hearings, including all of the Plaintiffs and Defendant Atcheson. Among other issues, the MPD was investigating whether what MPD characterized as Defendant Atcheson's "inherited biases" (as a white person) caused him to discriminate against the people under his command, including Plaintiffs. Prior to engaging in discovery, this case cannot be disposed of at this time by dispositive motion.

1

**2.      Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties agreed that the deadline by which other parties were to be added or the pleadings amended was to be February 6, 2006.

**3.      Assignment to a Magistrate Judge**

The parties have agreed that they do not want a Magistrate Judge assigned to this matter except Plaintiffs prefer mediation by a magistrate. The District and Defendant Atcheson are willing to go to mediation at the close of discovery.

**4.      Whether There is a Realistic Possibility of Settlement**

The District and Plaintiffs agree that until discovery is exchanged, it is impossible to determine whether there is a realistic possibility of settling this case. Defendant Atcheson believes that the extensive record from the MPD investigation is sufficient to allow the parties to evaluate their respective settlement positions.

**5.      Whether the Case Could Benefit From ADR**

The parties are in agreement that this case is not appropriate for binding or non-binding arbitration. However, the parties would consider mediation, if appropriate. The District and Defendant Atcheson are willing to go to mediation at the close of discovery.

**6.      Dispositive Motions**

The parties agree that the dispositive motions deadline should be set for 30 days from the date of the close of discovery. The parties agree that any response or opposition to dispositive motion should be set for 30 days after the dispositive motions deadline and replies must be filed 20 days after responses are due.

**7.      Rule 26(a)(1) Initial Disclosures**

The parties agreed that initial disclosures required by Rule 26(a)(1) shall be due ten days after entry of the Scheduling Order.

8. **Discovery Matters**

    A. **Commencement of Discovery**

The Parties agree to commence discovery immediately. Defendant Atcheson notes it is his position that the discovery period opened by operation of law under Fed. R. Civ. P. 26(d) on January 6, 2006.

    B. **Extent of Discovery**

The parties believe that the case should involve the normal exchange of Interrogatories, Request for Production of Documents, Requests for Admission and depositions. Defendant Atcheson asks that the number of interrogatories be limited to 40 per side (with the District and Defendant Atcheson each having its own set).

    C. **How Long Discovery Should Take**

The District and Defendant Atcheson agree that the discovery deadline in this case should be set for 120-days from the filing of this Rule 16.3 report.

    D. **Limits on Discovery**

The parties do not currently see the need for any limits on discovery other than what is contained in the Federal Rules of Civil Procedure and the Rules of this Court.

Defendant Atcheson asks that the total number of interrogatories be limited in light of the number of Plaintiffs. Each side should have 40 interrogatories.

9. **Experts**

    (a) Plaintiffs prepare that its Fed.R.Civ. R. 26(a)(2) disclosures be made sixty (60) days after entry of scheduling order.

3

    (b)    The Defendants propose that Plaintiffs designate his experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures 30 days after the entry of a Scheduling Order;

    (c)    Defendants will designate their experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures 75 days after Plaintiff's required disclosure;

    (d)    Each party will make their experts available for deposition within 45 days of the designations and disclosures pertaining to that expert.

**10.**    **Class Certification**

This is not a case involving class certification.

**11.**    **Bifurcation of Discovery and Trial**

The District may request to bifurcate Plaintiffs' constitutional claims against the District.

**12.**    **Pretrial Conference**

The parties propose that pretrial conference be held within 30 days after rulings on dispositive motions.

**13.**    **Trial**

The District and Plaintiffs do not believe the Court should set a firm trial date but should rather, at this time, provide only that trial, if any, will be set from 30 to 60 days after the pretrial conference.

**14.**    **Other Matters**

Defendant Atcheson also notes that he is entitled to qualified immunity and will seek to have these issues resolved early in the litigation.

A proposed Scheduling Order is attached hereto and incorporated herein by reference.

**WHEREFORE**, the Plaintiffs and Defendants respectfully submit this report and the proposed Scheduling Order for the Court's review and consideration.

Respectfully submitted,

                                                                           /s/
                              Donald M. Temple, Esq.
                              1229 15th Street, N.W.
                              Washington, D.C. 20005
                               (202) 628-1101
                               Counsel for Plaintiff,
                                Randy Squires, et, al.

FOR DEFENDANT ATCHESON:

Dated: February 10, 2006                   Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

_____
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

        __/s/Nicole L. Lynch__
        NICOLE L. LYNCH [471953]
        Assistant Attorney General
        Civ. Lit. Div., Chief Section II

        /s/David A. Jackson/s/
        DAVID A. JACKSON [471535]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, NW, 6 South
        Washington, D.C. 20001
        Direct Line: (202) 724-6618
        Facsimile: (202) 727-3625
        E-mail: davida.jackson@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RANDY QUIRES, et, al. | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 05cv01120 |
| Robert Atcheson, et al.. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### [PROPOSED] SCHEDULING ORDER

Upon consideration of the Report and Proposed Scheduling Order filed by the parties pursuant to Local Civil Rule 16.3(d), it is _____ day of _____, 200__, hereby

**ORDERED** that the deadline for joining additional parties be, and the same hereby is, _____; it is further

**ORDERED** that the deadline for amendments of pleadings be, and the same hereby is, _____; and it is further

**ORDERED** that Plaintiff will designate his experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by _____; Defendants will designate their experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by _____; Plaintiff will identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by _____; and it is further

**ORDERED** that the deadline for the completion of all discovery be, and the same hereby is, _____; and it is further

7

**ORDERED** that the deadline for the filing of dispositive motions be, and the same hereby is, _____; and it is further

**ORDERED** that any oppositions to dispositive motions shall be filed by _____, and any replies shall be filed by _____; it is further

**ORDERED** that the parties shall appear on the _____ day of _____, 2006 in courtroom _____ at _____ am/pm for a pretrial conference; it is further

**ORDERED** that the trial of this matter is set to commence on the _____ day of _____, 2006.

Dated: _____       _____

United States District Court for the
District of Columbia