UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, et al., <br><br> Plaintiffs, <br><br> v. <br><br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-1120 (JR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT ROBERT ATCHESON'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Robert Atchseon, by and through undersigned counsel, moves for judgment on the pleadings. The plaintiff officers have failed to identify a contractual relationship, an adverse action, or a basis for bringing an individual capacity cause of action against Lieutenant Atcheson. A memorandum of points and authorities in support and a proposed Order accompany this motion.

Because this motion is dispositive, LCvR 7.1(m) does not require consultation. Plaintiffs' counsel and counsel for the District have been informed about this motion.

Dated: February 27, 2006            Respectfully submitted,

                                    ROBERT J. SPAGNOLETTI
                                    Attorney General for the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-1120 (JR) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants. | ) |

**DEFENDANT LIEUTENANT ROBERT ATCHESON'S MEMORANDUM OF POINTS AND AUTHORITIESI IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

## I.   INTRODUCTION

This motion asks the Court to enter judgment on the pleadings in favor of Lieutenant Robert Atcheson. Defendant Atcheson is entitled to immediate judgment as a matter of law because the plaintiff officers (1) have not alleged the impairment of a contract, (2) have not alleged that they experienced an adverse employment action; and (3) cannot sue him in his individual capacity for alleged workplace wrongs within the scope of his employment.

## II.   STATEMENT OF FACTS

The Amended Complaint arises from the supervision of the MPD's Environmental Crimes Unit ("ECU") and its Warrant Squad ("WS") by Lt. Robert Atcheson, Captain Victor Brito, and Commander Alfred Broadbent. Plaintiffs are all officers or Sergeants from the ECU and WS who complain about the supervision that they received. The allegations of each particular plaintiff differ from each other. Generally, they complain that Lt. Atcheson, with the

knowledge and approval of his supervisors, Amended Complaint, ¶¶ 15, 40, gave them a performance rating lower than they desired, Amended Complaint, ¶¶ 21, 30, denied approval for training that they wished to attend, Amended Complaint, ¶¶ 16, used profanity, Amended Complaint, ¶¶ 27, refused to sign an overtime form that one Plaintiff wanted signed, Amended Complaint, ¶¶ 20, redeployed one officer to a unit contrary to that officer's wishes, Amended Complaint, ¶¶ 37, and investigated allegations of misconduct even though the officers denied wrongdoing, Amended Complaint, ¶¶ 55.  The Amended Complaint alleges in conclusory fashion that all of this conduct was motivated by race and was approved by Defendant Atcheson's supervisors.

### III.   ARGUMENT

A.   <u>Standard For Considering A Motion For Judgment On The Pleadings</u>.

The standards for considering a motion brought pursuant to Fed. R. Civ. P. 12(c) are equivalent to the standards for motions brought under Rule 12(b)(6). "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint." <u>Runkle v. Gonzales</u>, 391 F. Supp. 2d 210, 220 (D.D.C. 2005)(citations and internal punctuation omitted.)  "A plaintiff must allege facts sufficient to allege each element of his claim." <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002), <u>quoted in</u> <u>Major v. Plumbers Local Union No. 5</u>, 370 F. Supp. 2d 118, 129 (D.D.C. 2005).  The Court may therefore consider whether Plaintiff officers have alleged facts that would support a conclusion that Lieutenant Atcheson violated 42 U.S.C. § 1981. <u>Runkle</u>, 391 F. Supp. 2d at 221.

B.   <u>Plaintiffs Fail To State A Claim Under 42 U.S.C. § 1981 Because They Fail To Allege The Impairment Of A Contractual Relationship</u>.

"Any claim brought under §1981, therefore, must initially identify an impaired contractual relationship under which the plaintiff has rights." <u>Domino's, Inc. v. McDonald</u>, __

2

U.S. ___ (Feb. 22, 2006).  Whether a contractual relationship exists in this case is determined by local law.  Skinner v. Maritz, Inc., 253 F.3d 337, 340 (8th Cir. 2001)  Because the officers' Amended Complaint does not identify "an impaired contractual relationship," it should be dismissed.

As a matter of law, public employees do not have a contractual relationship with their employer.  Kizas v. Webster, 227 U.S. App. D.C. 327; 707 F.2d 524, 535 (D.C. Cir. 1983) ("Though a distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service.")  Instead, public employees are appointed to public service and their employment relationship is governed by the applicable statutes and regulations.  Id.; see District of Columbia Comprehensive Merit Personnel Act, D.C. Official Code § 1-601.01 et seq. (comprehensive statutory basis for employment with the District of Columbia government).  Each of the officers was appointed to his position by the Mayor of the District of Columbia.  D.C. Official Code § 5-105.01 ("The Mayor of said District shall appoint to office, assign to such duty or duties as he may prescribe, and promote all officers and members of said Metropolitan Police force[.]")

Because each officer was appointed, he does not have a contractual relationship with the District of Columbia.  Kizas, 707 F.2d at 535.  They have therefore failed to "identify an impaired contractual relationship" under which they have rights.  For this reason, the officers' § 1981 claims against Defendant Atcheson may be dismissed.

  C. <u>The Officers Fail To State A Claim Under 42 U.S.C. § 1981 Because They Do Not Allege That They Experienced A Material Adverse Action</u>.

The officers' § 1981 claims should also be dismissed because they do not allege that they experienced a material adverse action.  The substantive standards developed in Title VII cases

3

govern actions under 42 U.S.C. § 1981. <u>Mungin v. Katten Muchin & Zavis</u>, 325 U.S. App. D.C. 373, 116 F.3d 1549, 1553 (D.C. Cir. 1997) (claims under § 1981 are analyzed as claims arising under Title VII.)  Title VII and § 1981 require that a plaintiff allege that he experienced an adverse action. <u>Forkkio v. Powell</u>, 306 F.3d 1127, 1131 (D.C. Cir. 2002). "An employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." <u>Id.</u>  "Purely subjective injuries, such as dissatisfaction with a reassignment or public humiliation or loss of reputation are not adverse actions." <u>Id.</u> at 1130.

None of the events alleged in the amended complaint amounts to an adverse action under the law of this Circuit.  Negative performance evaluations do not qualify as adverse actions. <u>Lester v. Natsios</u>, 290 F. Supp. 2d 11, 28-29 (D.D.C. 2003) (formal criticism of performance without changes in pay or grade does not qualify as an adverse action).  Denial of training that does not materially affect a plaintiff's employment does not qualify as adverse action. <u>Everson v. Medlantic Healthcare Group</u>, 2006 U.S. Dist. LEXIS 5178, *18 (D.D.C. 2006).  A lateral reassignment that causes no diminution in pay or benefits is not an adverse action. <u>Johnson v. Williams</u>, 117 Fed. Appx. 769, 771 (D.C. Cir. 2004).  Investigations into allegations of misconduct do not qualify as adverse actions even if the employee denies the allegation. <u>Runkle v. Gonzales</u>, 391 F. Supp. 2d 210, 226 (D.D.C. 2005) ("The fact that the plaintiff was subject to an investigation does not amount to an adverse action because 'mere investigations by [an] employer . . . have no adverse effect on plaintiff's employment.').

Because each of the officers has not identified an adverse action which he personally experienced, each individual claim should be dismissed.

4

> D. Because All Of His Alleged Actions Were Taken In His Official Capacity, The Officers' Individual Capacity Suit[xx] Against Lieutenant Atcheson Should Be Dismissed.

The Amended Complaint seeks to impose liability against Defendant Atcheson in both his official and individual capacities. Amended Complaint, ¶ 10. The official capacity suit is entirely redundant of the suit against the District of Columbia. Barnes v. District of Columbia, 2005 U.S. Dist. LEXIS 10435 (D.D.C. 2005) ("Because it is duplicative to name both a governmental entity and the entity's employees in their official capacity, claims against individuals named in their official capacity have been routinely dismissed as redundant and an inefficient use of judicial resources.") The Court should dismiss it.

The individual capacity suit against Defendant Atcheson should also be dismissed. The officers allege that the District of Columbia, through Lieutenant Atcheson, violated § 1981, Amended Complaint, ¶¶ 1, and that all of his alleged actions were within the scope of his employment. Lieutenant Atcheson was therefore acting as an agent for the District of Columbia. Gary v. Long, 313 U.S. App. D.C. 403, 59 F. 3d 1391, 1395 (1995). When an agent, acting within the scope of employment, acts wrongfully, the principal is liable. See Restatement of Agency 2d § 219 ("A master is subject to liability for the torts of his servants committed while acting in the scope of employment."); Gary, 59 F. 3d at 1395 (1995) (approving use of Restatement of Agency 2d for applying Title VII). Since Plaintiffs allege that Lieutenant Atcheson's actions were within the scope of his employment, his actions are those of his employer, the District of Columbia, not his own. Even though § 1981 permits individual liability outside of the workplace context when the actions are clearly those of the individual, it does not permit an individual capacity action against a supervisor. Hunter v. Ark Restaurants Corp., 3 F. Supp. 2d 9 (D.D.C. 1998) ("Although a supervisory employee may be joined as a party defendant

5

in a § 1981 action, that employee is sued in his capacity as an agent of the employer, not in his individual capacity."); but cf. Sheppard v. Dickstein, Shapiro, Morin & Oshinsky, 59 F. Supp. 2d 27 (D.D.C. 1999) (reasoning that individual liability must be available to reach conduct outside of the workplace; Title VII is applicable only to workplace).  Thus, the officers' individual capacity action against Lieutenant Atcheson should be dismissed.

## IV.   CONCLUSION

The Court should dismiss the officers' § 1981 action against Defendant for three independent reasons.  First, the officers have failed to "identify an impaired contractual relationship under which the plaintiff has rights." Domino's, Inc. v. McDonald, ____ U.S. ___ (Feb. 22, 2006).  The officers' claims therefore fail as a matter of law.  Second, the officers have not alleged that they experienced an adverse action in connection with their employment. Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir. 2002). Finally, Lieutenant Atcheson, as the officers' supervisor and agent of the District of Columbia, cannot be held personally liable under 42 U.S.C. § 1981.  Any liability – and there is none since there has been no discrimination – is to be borne by the District of Columbia alone.

For the foregoing reasons and such others as may appear to the Court, Defendant Robert Atcheson respectfully requests that this Court enter judgment on the pleadings in his favor.

Dated: February 27, 2006              Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

6

/s/ Kimberly Johsnon
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov


**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant Robert Atcheson's Motion For Judgment on the Pleadings,, the Memorandum of Points and Authorities, and proposed Order were sent electronically through the Court's ECF/CM system, on this 27th day of February 2006 to the Court and the counsel of record.


/s/ Wendel Hall
WENDEL HALL
Assistant Attorney General

7