UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1120 (JR) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants. | ) |

**DEFENDANT ROBERT ATCHESON'S REPLY BRIEF IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS**

## I.   INTRODUCTION

Defendant Atcheson respectfully submits this Reply Brief in support of his Motion for Judgment on the Pleadings. Plaintiff officers' complaint should be dismissed because they have not identified an impaired contractual relationship, they have not alleged a material adverse action, and Defendant Atcheson, who was acting with the knowledge of and pursuant to the approval of his supervisor, cannot be sued individually for his alleged official actions. The officers responded on March 17, 2006. Defendant Atcheson's motion should be granted.

## II.   ARGUMENT

This case involves the ordinary tribulations of the workplace between a demanding supervisor and an underperforming police unit. All of the officers' causes of action against Defendant Atcheson fail as a matter of law.

A. The Officers Have Failed To Identify An Impaired Contractual Relationship.

42 U.S.C. § 1981 requires a plaintiff to "initially identify an impaired contractual relationship under which [he] has rights." Domino's, Inc. v. McDonald, 126 S. Ct. 1246 (2006). The officers concede through silence that they were appointed by the Mayor and that the District of Columbia Comprehensive Merit Personnel Act, D.C. Official Code § 1-601.01 et seq., regulates and governs their employment relationship with the District. Nor do the officers deny that the logical conclusion that flows from these principles is that they do not have a contractual relationship with the District.

The officers, instead, offer two arguments. They first attempt to distinguish Kizas v. Webster, 707 F.2d 524 (D.C. Cir. 1983), by pointing out that Kizas arose in the context of federal employment. In doing this, the officers confuse the factual context in which Kizas arose with its articulation of the controlling legal principles. Nothing in Kizas court's discussion hints that its decision turned on any unique characteristic of federal employment and the officers point to nothing from the opinion suggesting that it did.

In distinguishing between contract and appointment, the Kizas court echoed a long history of jurisprudence in this country. As noted in 63C Am Jur 2d Public Officers and Employees § 13: "Neither does an appointment or election to a public office establish a contractual relationship between the person appointed or elected and the public." This has been established law for more than a century and a half. Crenshaw v. United States, 134 U.S. 99, 108 (1890) ("Whatever the form of the statute, the officer under it does not hold by contract."); see also Dodge v. Board of Education, 302 U.S. 74, 79 (1937); Conner v. New York, 5 N.Y. 285, 296 (N.Y. 1851). Modern courts adhere to this distinction. Benedict v. United States Library of

Congress, 1997 U.S. Dist. LEXIS 16158 (D.D.C. 1997).   In short, the officers do not have a contractual relationship with the District of Columbia government.

Second, the officers cite Torre v. Barry, 661 F.2d 1371 (D.C. Cir. 1981), in support of the proposition that they have a cause of action under 42 U.S.C. § 1981.  The issue presented to the D.C. Circuit in Torre was whether a District of Columbia employee was limited to remedies provided to federal employees under Title VII, 42 U.S.C. § 2000e-16(a), or whether he could avail himself of the remedies available to other employees under 42 U.S.C. § 2000e(b)(1).  The district court reasoned that a federal employee covered by 42 U.S.C. § 2000e-16(a) could not sue under the remainder of Title VII or under § 1981 and dismissed both counts.  The D.C. Circuit reversed.  It reasoned that since § 2000e-16(a) did not apply, it did not preclude either cause of action.

Torre neither considered nor decided whether a public employee had a contract with his or her employer the impairment of which could support a § 1981 cause of action.  Because the question was not presented nor ruled upon, Torre did not resolve the precise question presented to this Court.  Cent. Va. Cmty. College v. Katz, 126 S. Ct. 990, 996 (2006), quoting Cohen v. Virginia, 19 U.S. 264 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.")  Given the clear direction from the D.C. Circuit about the non-contractual nature of public employment in Kizas and the Supreme Court's statement that § 1981 requires the plaintiff to demonstrate the impairment of a contractual relationship in Domino's Pizza, any *dicta* to the contrary would not be followed.

In short, the officers have not identified "an impaired contractual relationship" as § 1981 requires. Domino's Pizza, Inc. v. McDonald, 126 S. Ct. 1246 (2006). Their § 1981 claim can and should be dismissed.

### B. The Officers Have Not Alleged An Adverse Action.

The parties agree that the substantive standards of Title VII control. The parties also agree that an essential element of a Title VII cause of action requires a plaintiff to allege that an adverse action occurred. Nor did the officers directly dispute that the specific actions alleged fail to qualify as adverse actions under Title VII.

Plaintiff officers rest their defense solely on the standard governing motions to dismiss. The officers overstate the law. The Court in Runkle v. Gonzales, 391 F. Supp. 2d 210, 221 (D.D.C. 2005), succinctly summarized the current state of the law:

> As a preliminary matter, the court recognizes, as noted above, that the plaintiff is not required to establish a *prima facie* case of employment discrimination in order to survive the defendants' motion to dismiss. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 515, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) (involving discriminatory demotion and termination allegations); *Sparrow v. United Air Lines, Inc.*, 342 U.S. App. D.C. 268, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (involving discriminatory failure to promote and termination allegations). Nevertheless, courts may explore the plaintiff's *prima facie* case at the dismissal stage. *Rochon v. Ashcroft*, 319 F. Supp. 2d 23, 29 (D.D.C. 2004) (granting the defendant employer's motion to dismiss a Title VII retaliation claim for, *inter alia*, lack of an allegation amounting to a legally cognizable adverse action). Instead, courts are allowed "to probe whether the plaintiff can ever meet his initial burden to establish a *prima facie* case." *Id.* at 29; *see also Brooks-Miller v. England*, 357 F. Supp. 2d 197, 201 n.2 (D.D.C. 2004) (granting the defendant employer's motion to dismiss a Title VII retaliation claim because, *inter alia*, the plaintiff's lateral transfer to a front desk position did not amount to a legally cognizable adverse action). This is because "litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." *Rochon*, 319 F. Supp. 2d at 29.

That plaintiff officers need not plead a prima facie case does not change this analysis. As Runkle explained further:

> Also, while Title VII plaintiffs do not need to set forth the *prima facie* case as to each count to survive a motion to dismiss for failure to state a claim, they must present facts that would establish elements of each claim. *Major v. Plumbers Local Union No. 5.*, 370 F. Supp. 2d 118, 128-29 (D.D.C. 2005). The court therefore probes the *prima facie* case that the plaintiff must establish, and the facts that the plaintiff has alleged, and concludes that unlike the demotion, failure to promote, and termination allegations at the heart of the plaintiffs' claims in *Swierkiewicz* and *Sparrow*, the types of allegations the plaintiff makes here - even when assumed as true - do not amount to legally cognizable adverse actions and therefore would not enable him to ever establish a *prima facie* case under Title VII.

Runkle, 391 F. Supp. 2d at 222. Thus, the Court may look to the pleadings and ask, assuming the allegations to be true, whether "the types of allegations the plaintiff[s] make[] here . . . amount to legally cognizable adverse actions." Id.

Once the Court undertakes this analysis, it is clear that Plaintiff officers have not alleged a single adverse action as a matter of law. What they do allege is nothing more than the ordinary tribulation of the workplace which is not actionable under either Title VII or § 1981. Stewart v. Evans, 275 F.3d 1126, 1133 (D.C. Cir. 2002) ("Title VII does not provide a cause of action for ordinary tribulations of the workplace.")

    C.    Defendant Atcheson Cannot Be Sued Individually For Workplace Actions In His Official Capacity.

Plaintiff officers have alleged that Lieutenant Atcheson acted solely within the scope of his employment. His individual liability, if any, arises solely in his official capacity as an agent of the District of Columbia government. It follows, and has been held to follow, Hunter v. Ark Restaurants, 3 F. Supp. 2d 9, 15 (D.D.C. 1998), that Lieutenant Atcheson cannot be liable in his individual capacity. This holding is consistent with the guiding principle that, at least in the context of the workplace, § 1981 jurisprudence is to follow Title VII jurisprudence. Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1552 (D.C. Cir. 1997). Because the D.C. Circuit has not

spoken directly to this issue, this Court should follow <u>Hunter</u> and rule that the individual capacity suit against Lieutenant Atcheson should be dismissed.

As both parties have noted, some other decisions have reached the opposite conclusion. <u>Sheppard v. Dickstein, Shapiro, Morin & Oshinsky</u>, 59 F. Supp. 2d 27 (D.D.C. 1999). Lieutenant Atcheson respectfully submits that the reasoning of those decisions should not be followed. These decisions reason that since § 1981 applies outside of the workplace and is therefore "broader" than Title VII, § 1981 permits an individual capacity claim in the workplace. Lieutenant Atcheson respectfully suggests that this reasoning is flawed. How § 1981 applies outside of the workplace says nothing about how it applies within the workplace, especially when the D.C. Circuit looks to Title VII jurisprudence for guidance in applying § 1981 to the workplace. In short, this Court should adopt the better reasoned view that § 1981 does not permit a separate cause of action against an agent acting within the scope of employment.

## IV.    CONCLUSION

Lieutenant Atcheson is entitled to judgment on the pleadings. Plaintiff officers' Amended Complaint reveals nothing other than the ordinary tribulations of the workplace. As matter of law, then, Plaintiff officers have not alleged the impairment of a contractual relationship nor an adverse action sufficient to support a cause of action under § 1981 as a matter of law. Nor can Lieutenant Atcheson be held liable in his individual capacity. Robert Atcheson is therefore entitled to judgment in his favor on the pleadings.

Dated: March 27, 2006                    Respectfully submitted,

                                                  ROBERT J. SPAGNOLETTI
                                                  Attorney General for the District of Columbia

                                                  GEORGE C. VALENTINE
                                                  Deputy Attorney General
                                                  Civil Litigation Division


                                                  /s/ Kimberly Johnson (per permission)
                                                  KIMBERLY MATTHEWS JOHNSON
                                                  Chief, General Litigation I
                                                  D.C. Bar No. 435163



                                                  /s/ Wendel Hall
                                                  WENDEL V. HALL
                                                  Assistant Attorney General
                                                  D.C. Bar No. 439344
                                                  Suite 6S012
                                                  441 4th Street, N.W.
                                                  Washington, D.C.  20001
                                                  (202) 724-6608
                                                  (202) 727-0431 (fax)
                                                  E-mail: wendel.hall@dc.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Reply Brief in Support of Defendant Robert Atcheson's Motion for Judgment on the Pleadings was delivered to the Chambers of Hon. James Robertson and to counsel of record using the Court's ECF/CM system on March 27, 2006.

                                        __/s/ Wendel Hall_____
                                        WENDEL HALL
                                        Assistant Attorney General