IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Randy Squires, et al. | * | |
|    Plaintiffs, | * | |
| v. | * | Case No. 05-CV-01120 |
| Robert Atcheson, et al. | * | |
|    Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
COURT'S APRIL 12 ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' §1981 CLAIMS**

Come Now Plaintiffs, by and through the undersigned counsel, and respectfully move this honorable court to reconsider its order dated April 12, 2006, which dismissed all of Plaintiffs 42 U.S.C. § 1981 ("§ 1981") claims against both Defendants Atcheson and the District of Columbia ("District") government. In so doing, this court held that "plaintiff police officers do not have a contractual employment relationship with the District of Columbia that Atcheson could have impaired." Although the court did not expressly reference a legal authority for its ruling, given Defendant's arguments, the ruling was presumably based upon the court's reading of *Kizas v. Webster*, 277 U.S. App. D.C. 327, 707 F.2d. 524, 535 (D.C. Cir. 1983). ("[t]he Title VII remedy declared exclusive in *Brown* precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation").

## ARGUMENT

### I. KIZAS DOES NOT APPLY TO D.C. GOVERNMENT EMPLOYEES.

Plaintiffs urge this court to reexamine its reasoning and, in particular, the application of *Kizas* to District of Columbia government employees. Notably, *Kizas* applied exclusively to federal government employees. In fact, until this case, it has never before been applied neither to a District government employee case, nor a District police officer. The fact alone eviscerated the proposition that Defendants have asserted.

Our circuit recognized the specific limitation of *Kizas* to federal employees in its narrow, restrictive context in *Williams v. Bentsen*, 1993 WL 469110. Therein, the Court of Appeals, citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 828-29 (1976), ruled relative to the district court's dismissal of appellant's claim of discrimination under § 1981 for federal employee plaintiffs. The court reasoned that it is well established that Title VII provides their exclusive judicial remedy for discrimination claims. There is absolutely no parallel legal authority that limits District government employees to only federal relief from discrimination to Title VII.

This court has consistently applied *Kizas* to federal government appointments only, and recognizes that there is a distinction between federal government service and appointments and District of Columbia government appointments and service. *See e.g. Miller v. U.S.* 603 F. Supp. 1244 (D.C. D.C. 1985); *See also Silver v. Leavitt*, Slip Copy, 2006 WL 626928, (D.D.C. 2006).

### II. D.C. Federal And State Courts Uniformly Allow D.C. Government Employee § 1981 Claims.

Time after time this court has ruled that the District government can be sued by appointed employees for violations of § 1981 and § 1983. In fact, this court recently rejected a dispositive motion filed by the District in a civil rights case against a

government appointee to the position of Chief Financial Officer of the D.C. Lottery and Charitable Games Control Board ("D.C. Lottery"). *Sanders v. D.C.*, 2005 WL 3213984 (D.D.C. 2005). Clearly, the court determined that the District government employee plaintiff had a contractual right with the District government for purpose of her §1981 action. Even more recently, a another judge in this court allowed police department employee plaintiffs, in an employment discrimination case, to bring a §1981 civil rights claim against the District of Columbia. *See Alice Anderson et al. v. Charles Ramsey, et al.*, CA 04–56 (GK) (Memorandum Decision, April 19, 2006)( granting District's Motion for Summary Judgment and Denying it in part as to § 1981 claims).

The D.C. Circuit has similarly recognized that District employees can bring §1981 employment discrimination claims. *Frederick v. D.C.*, 254 F3d 156, 349 U.S. App. D.C. 79, Rehearing Denied (2001). The D.C. Court of Appeals has also recognized that D.C. police officers can bring §1981 employment discrimination claims against the D.C. government. District Courts also routinely allow § 1981 cases. *See e.g. Roache v. D.C.*, 654 A2d 1283 (1995). Invariably, the practice of D.C. government employees and police officers bringing § 1981 claims against the District has been unrestricted by both the federal and state courts.

Plaintiffs underscore that the cases cited by Defendants are inapposite because they involved § 1981 claims brought by parties alleging discrimination in *federal* employment. They do not apply to District government employees, especially District police officers. Hence, Defendant's argument, and thus this court's ruling, are actually unsupported by legal authority.

### III. Plaintiffs Enjoy Contract Rights Under The Fraternal Order of Police Collective Bargaining Agreement With The District Government.

Morever, the contract issue for purpose of a §1981 claim is broadly interpreted, and can include a third party beneficiary relationship. In this connection, it is

indisputable that the employment relationship between District police officers and the District of Columbia Government is governed by a collective bargaining agreement between the Fraternal Order of Police ("FOP") and the District of Columbia Government. The District has recognized that the FOP is the exclusive bargaining agent for District's police officers. Moreover, courts have held that the Comprehensive Merit Personnel Act must be read in conjunction with the Union's Collective Bargaining Agreement. Pursuant to the police union's collective bargaining agreement, plaintiffs enjoy certain rights, and those rights are protected and can be impaired in the workplace, such as when Defendant denies them the overtime to which they would otherwise be entitled.

Lastly, it is critical to note that plaintiffs are direct beneficiaries of the FOP collective bargaining agreement with the D.C. government. In this respect, the United States Supreme Court has recognized that a party need only have rights under a contract to bring a section 1981 claim *see Dominos v. McDonald*, 126 S. Ct. 1246, n.3 (2006) (stating that §1981 gives victims of discrimination a right to sue upon a contract 'under which the plaintiff has rights' rather than 'to which the plaintiff is a party' because we do mean to exclude the possibility that a third-party beneficiary of a contract may have rights under §1981). Plaintiffs, as police officers, have clear rights under their collective bargaining agreement and both Acheson and the D.C. government could impair those rights under §1981.

## CONCLUSION

Plaintiffs urge this court to reconsider its order dated April 12, 2006 and to respectfully reinstate Plaintiffs' § 1981 claims against both party defendants.

Based upon the law and judicial precedent in this jurisdiction, there is no legal authority which supports this court's ruling.

Dated this 19th day of April, 20006

/s/

Donald M. Temple [408749]

Dhamian A. Blue [488664]

TEMPLE LAW OFFICES

1229 15th Street, N.W.

Washington, D.C. 20005

(202) 628-1101

**COUNSEL FOR PLAINTIFFS**