IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy Squires, et al.<br><br>    Plaintiff,<br><br>vs.<br><br>Robert Atcheson, et al.<br><br>    Defendants. | Civil Action No.: 1:05-cv-01120 (JR)<br>Judge James Robertson |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiffs, by and through undersigned counsel, hereby submit this Motion for Leave to File to File a Second Amended Complaint ("Motion") and the following memorandum of points and authorities in support thereof.[1]  Plaintiffs' Motion should be granted for the reasons set forth below.

Rule 15(a) of the Federal Rules of Civil Procedure states that after the initial opportunity for the amendment of pleadings has expired, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("*Forman*").  "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by previous amendments . . . or futility of amendment.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. 1996) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. at 230).

---

[1] Plaintiffs' counsel spoke with counsel for both Defendants in an attempt to obtain their consent to this Motion.  Neither Defendant consents.

Plaintiffs seek to amend the Complaint to include claims against Defendants District of Columbia ("District") and Atcheson for (1) violation of the equal protection provisions of the Fifth Amendment[2] of the United States Constitution, pursuant to 42 U.S.C. § 1983 ("§ 1983"), and (2) violation of 42 U.S.C. § 1981 ("§ 1981") for discriminatorily interfering with Plaintiffs' terms, benefits, and conditions of employment, as protected under the collective-bargaining agreement (the "Agreement") entered into between the Fraternal Order of Police—District of Columbia Lodge ("FOP") and the District. Specifically, the Second Amended Complaint sets forth facts that will allow Plaintiffs to prove that Atcheson's intentional conduct, and the District's reckless indifference thereto, constitutes impermissible employment discrimination that occurred under color of state law. Further, Plaintiffs allege that because they were subjected to Atcheson's discriminatory conduct, which was not visited upon similarly situated white MPD officers, Defendants discriminatorily refused to recognize, and eviscerated, the protection afforded Plaintiffs under the Agreement to which they were beneficiaries.

The interest of justice weighs strongly in favor of permitting Plaintiffs to amend the Complaint. Specifically, because this Court has dismissed each Plaintiff's § 1981 claims against Defendants based on the Court's reasoning that MPD employees do not have a contractual relationship with the District, only two Plaintiffs under the current Complaint are able to seek redress for the illegal discrimination visited upon them by

---

[2] Concepts of equal protection, as set forth in the Fourteenth Amendment, are inherent in the due process of law guaranteed to citizens of the District by the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Washington v. United States*, 401 F.2d 915 (D.C. Cir. 1968); *United Federation of Postal Clerks v. Blount*, 325 F.Supp. 879, 883 (D.D.C. 1971) (three-judge court); *Hobson v. Hansen*, 269 F.Supp. 401, 492-493 (D.D.C. 1967).

virtue of their Title VII claims.³  However, permitting Plaintiffs to amend the Complaint cures any prior deficiencies to the extent such deficiencies exist.  First, while the balance of the Plaintiffs admittedly have not exhausted their administrative remedies, such exhaustion is not a prerequisite to suit under § 1983.  *See Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 102 S.Ct. 2557, 2559 (U.S. 1982); *see also Rouche v. District of Columbia*, 654 A.2d 1283, 1284 (D.C. 1995) ("*Rouche*").  Further, while Title VII remains as the exclusive remedy for race-based employment discrimination claims brought by <u>*federal employees*</u>, there is absolutely no indication that District employees are precluded from bringing discrimination claims against the District under § 1983.  *See e.g., Singletary v. District of Columbia*, 351 F.3d 519 (D.C. Cir. 2003) (permitting legally blind employee of District agency to bring both Title VII and § 1983 claims for disability discrimination); *Oates v. District of Columbia*, 824 F.2d 87 (D.C. Cir. 1985) (permitting District job applicant to bring § 1983 claim for gender discrimination); *Rouche*, 654 A.2d 1283 (permitting former MPD officer to bring race discrimination claim under § 1983).

Additionally, Plaintiffs should be permitted to allege facts and seek redress under § 1981 for Defendants' discriminatory impairment of the protection afforded under their collective-bargaining agreement.⁴  Plaintiffs' claims will not result in undue delay, and are not motivated by bad faith or dilatory motive.

---

³ Plaintiffs have filed a Motion for Reconsideration with this Court, requesting reconsideration of the Courts dismissal of the § 1981 claims.
⁴ Plaintiffs note, in response to concerns raised by Defendant District's counsel during Plaintiffs' attempt to obtain consent to this Motion, that because the FOP is the sole collective-bargaining agent for MPD officers, and because rights accrue to them under the Agreement, they have standing to sue under § 1981.  *See Dominos v. McDonald*, 546 U.S. ___ , n.3 (2006) (stating that § 1981 gives victims of discrimination a right to sue upon a contract 'under which the plaintiff has rights' rather than 'to which the plaintiff is a party' because we do mean to exclude the possibility that a third-party beneficiary of a contract may have rights under § 1981).

For these reasons, Plaintiffs respectfully request that the Court grant this Motion.

                                                   Respectfully submitted,
                                                   this 1st day of May, 2006,

                                                                 /s/
                                               _____
                                               Donald M. Temple [408749]
                                               Dhamian A. Blue [488664]
                                               TEMPLE LAW OFFICES
                                               1229 15th Street, N.W.
                                               Washington, D.C. 20005
                                               (202) 628-1101
                                               **COUNSEL FOR PLAINTIFFS**