IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy Squires, et al.<br><br>　　　Plaintiff,<br><br>　vs.<br><br>Robert Atcheson, et al.<br><br>　　　Defendants. | Civil Action No.: 1:05-cv-01120 (JR)<br>Judge James Robertson |

**SECOND AMENDED COMPLAINT**

　　NOW COME Plaintiffs Randy Squires, *et al.* ("Plaintiffs"), by and through undersigned counsel, who file this Second Amended Complaint for damages. Plaintiffs respectfully set forth as follows.

　　1.　Plaintiffs reiterate, renew, and adopt herein the allegations made in their First Amended Complaint For Civil Action ("Complaint"), filed on December 1, 2005.[1]

　　2.　Plaintiffs supplement and amend their Complaint by adding the following and additional allegations and causes of action.

　　81.　Plaintiffs incorporate and adopt herein all of the allegations made in paragraphs 1 through 80 above.

　　82.　Upon information and belief, Defendant District of Columbia ("District") reinstated Defendant Atcheson to a supervisory position within the District of

---

[1] Plaintiffs' incorporation of facts pleaded in the Complaint is not intended to be redundant, as Plaintiffs certainly do not seek to re-plead matters already ruled upon by the Court. Thus, insofar as Plaintiffs' 42 U.S.C. § 1981 claims have been dismissed, Plaintiffs incorporate those claims herein only to the extent that the Court reinstates those claims pursuant to Plaintiffs' forthcoming Motion for Reconsideration.

Columbia Metropolitan Police Department ("MPD") after an internal investigation revealed inappropriate conduct toward Plaintiffs. The events described in this paragraph have occurred since the date Plaintiffs filed the instant lawsuit.

83. At all times relevant to the events complained of herein, high level officials within MPD and the District government ignored Plaintiffs' complaints of race-based discrimination, or demonstrated a reckless disregard for the same. Such MPD and District government officials' indifference is evidenced, in part, by their refusal to adequately discipline Defendant Atcheson prior to and since the inception of this litigation.

84. Further, given the widely-known pervasiveness of Defendant Atcheson's discriminatory conduct against Plaintiffs as African-American and/or Asian-American MPD officers, it is clear that both MPD and the District's deliberate and/or reckless indifference toward the discrimination suffered by Plaintiffs is the moving force behind the violation of Plaintiffs' constitutional rights against impermissible employment discrimination.

85. At all times relevant herein, Defendant Atcheson used his government status and position of authority to trample upon and violate Plaintiffs' constitutional rights against race-based discrimination. In so doing, Plaintiff Atcheson acted under color of law.

86. Defendant Atcheson, knowing that his conduct was illegal, did not act reasonably in subjecting Plaintiffs to his discriminatory conduct, thereby resulting in adverse employment action.

87. Upon information and belief, at all times relevant herein, Plaintiffs were represented by the Fraternal Order of Police—District of Columbia Lodge ("FOP"), an employee union that has exclusive authority to negotiate collective-bargaining agreements, *i.e.* labor contracts, with the District on behalf of MPD officers.

88. Upon information and belief, Plaintiffs had rights under such a collective-bargaining agreement (the "Agreement") that addressed the terms, conditions, and benefits of employment under MPD that are not set forth under the various laws of the District.

89. Defendants Atcheson and the District, through their discriminatory conduct alleged herein, precluded Plaintiffs from enjoying the rights, benefits, and privileges of the Agreement as it relates to the terms, conditions, and benefits of Plaintiffs' employment. Specifically, by subjecting Plaintiffs to discriminatory conduct and behavior not visited upon similarly situated white MPD officers, Defendants discriminatorily refused to recognize, and eviscerated, the protection afforded Plaintiffs under the Agreement. Atcheson's conduct, which was, and hence has been, sanctioned by the District created a hostile work environment for Plaintiffs.

## COUNT VI
### 42 U.S.C. § 1983—Equal Protection (Against Atcheson Individually and District)

87. Plaintiffs incorporate by reference the facts set forth in paragraphs 1 through 86 as if fully set forth herein.

88. Defendants Atcheson and District intentionally violated Plaintiffs' Fifth Amendment constitutional protection against impermissible employment discrimination.

89. Defendants Atcheson and District's conduct as alleged herein was neither subjectively nor objectively reasonable, and was not pursuant to any compelling state interest.

90. As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have suffered injury and damages, including, but not limited to humiliation, loss of self esteem, fear, embarrassment, mental anguish, and the deprivation and erosion of their constitutional rights.

## COUNT VII
## 42 U.S.C. § 1981 (Against Atcheson Individually and District)

91. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 90 as if fully set forth herein.

92. Defendant Atcheson, by his continuous and invidious discrimination against Plaintiffs', intentionally interfered with, subverted, and deprived Plaintiffs' enjoyment of the benefits, privileges, terms, and conditions of the Agreement. Furthermore, his conduct, which was sanctioned by the District, created a hostile work environment that daily subjected Plaintiffs to impermissible discrimination and interfered with the performance of their duties.

93. As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have suffered injury and damages, including, but not limited to humiliation, loss of self esteem, fear, embarrassment, mental anguish, and the deprivation and erosion of their constitutional rights.

WHEREFORE, each Plaintiff prays that this Honorable Court enter:

(a) Judgment against all Defendants for compensatory damages in an amount in excess of three-hundred fifty thousand dollars ($350,000);

(b) Judgment against Defendant Atcheson for punitive damages in an amount in excess of three-hundred fifty thousand dollars ($350,000) for his unlawful conduct toward Plaintiffs and to deter similar conduct in the future; and

 (c) Judgment against Defendants for reasonable attorney's fees, costs, and such other relief as the Court deems proper.

 Respectfully submitted,
this 1st day of May, 2006,

/s/
_____
Donald M. Temple [408749]
Dhamian A. Blue [488664]
TEMPLE LAW OFFICES
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
**COUNSEL FOR PLAINTIFFS**