UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, et al., | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 05-1120 (JR) |
| v. | ) <br> ) <br> ) <br> ) <br> ) |
| DISTRICT OF COLUMBIA, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANT ROBERT ATCHESON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF MOTION TO ALTER OR AMEND JUDGMENT**

**I.     INTRODUCTION**

After thorough briefing from all parties, the Court entered judgment on the pleadings in favor Defendant Robert Atcheson and granted in part and denied in part entry of judgment on the pleadings in favor of the District of Columbia. The Plaintiff officers have now moved for "reconsideration" of this judgment. Even though they do not identify any provision of the Federal Rules that authorizes this relief, the officers do challenge the judgment on the merits thereby triggering the provisions of Fed. R. Civ. P. 59(e).[1] None of the arguments that the officers advance meet their heavy burden justifying the reversal of the Court's Order of April 12, 2006.

---

[1] The officers' motion does not comply with the local rules governing motion practice. They did not file a separate motion and they did not seek consent before the filing of the motion (although they did seek consent to a motion to amend under Fed. R. Civ. P. 15(a)).

## II.   ARGUMENT

This case involves a workplace dispute between the Plaintiff officers and their supervisor, Lieutenant Robert Atcheson.  The officers alleged that Lieutenant Atcheson created a hostile work environment based on race and asserted that these alleged actions violated 42 U.S.C. § 1981.  On February 27, 2006, Lieutenant Atcheson moved for judgment on the pleadings on three grounds.  He argued that the officers, who were appointed to their positions, had not identified an impaired contractual relationship.  He also argued that the officers had not alleged an adverse action and that he could not be sued in his individual capacity.

On April 12th, the Court granted Lieutenant Atcheson's motion.  The Court reasoned that the officers had failed to identify a "contractual employment relationship with the District that Atcheson could have impaired." Order of April 12, 2006, p. 1.  The Court then ordered that judgment on the pleadings be entered in Defendant Atcheson's favor.  The officers now seek reconsideration of this decision and that the Court vacate the entry of judgment in Lieutenant Atcheson's favor.

### A.   Fed. R. Civ. P. 59(e) Provides The Standard Governing Consideration Of Plaintiffs' Motion.

The officers' motion does not identify the particular rule upon which they base their motion. It is clear, however, that the officers are challenging the correctness of the judgment on the merits.  Memorandum, p. 4 ("[T]here is no legal authority which supports the Court's ruling.")  When a party challenges the correctness of a judgment, Fed. R. Civ. P. 59(e) governs if the motion is brought within 10 days of the entry of the judgment. Dorocon, Inc. v. Burke, 2006 U.S. Dist. LEXIS 10098 (D.D.C. 2006) ("Regardless of the way a party characterizes a motion, a

---

These omissions make resolution of this motion more difficult because it leaves the legal basis for their motion ambiguous.

post-judgment filing challenging the correctness of the judgment falls within the perimeter of Rule 59(e)"); Nyman v. FDIC, 967 F. Supp. 1562, 1569 (D.D.C. 1997) (same). Moreover, it is proper to characterize a motion seeking to vacate a dismissal for failure to state a claim upon which relief can be granted as a Rule 59(e) motion to alter or amend the judgment. Foman v. Davis, 371 U.S. 178, 181 (1962).

Even though Fed. R. Civ. P. 59(e) invests the Court with considerable discretion, the D.C. Circuit has enunciated several rules governing consideration of motions to alter or amend. First, "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Second, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled[.]" Uberoi v. EEOC, 271 F. Supp. 2d 1, 2 (D.D.C. 2002). Finally, "[a] Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997); see also Kattan by Thomas v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993) ("[A] losing party may not use a Rule 59 motion to raise new issues that could have been raised previously.")

**B.   Plaintiffs Have Not Carried Their Burden Of Justifying Relief Under Rule 59(e).**

The officers are not entitled to relief under Rule 59(e) because their memorandum only includes arguments that they either raised and lost or that they could and should have made in the initial briefing. Even if the Court chooses to reach the merits, none of the arguments have merit.

3

The officers' lead argument is an attempt to distinguish Kizas v. Webster, 707 F.2d 524 (D.C. Cir. 1983), by arguing that the principle it establishes – that a public employee's employment is not based in contract, but by appointment – applies only to the federal government. Yet, that is the precise argument that the officers made in their Opposition to the Motion for Judgment on the Pleadings. See Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Atcheson's Motion to Dismiss (*sic*), pp. 5-7. The Rule 59(e) motion merely repeats arguments already determined to be without merit.

Nor does repetition invest the arguments with any more merit than they had before. As Defendant Atcheson noted in his reply brief:

> In distinguishing between contract and appointment, the Kizas court echoed a long history of jurisprudence in this country. As noted in 63C Am Jur 2d Public Officers and Employees § 13: "Neither does an appointment or election to a public office establish a contractual relationship between the person appointed or elected and the public." This has been established law for more than a century and a half. Crenshaw v. United States, 134 U.S. 99, 108 (1890) ("Whatever the form of the statute, the officer under it does not hold by contract."); see also Dodge v. Board of Education, 302 U.S. 74, 79 (1937); Conner v. New York, 5 N.Y. 285, 296 (N.Y. 1851). Modern courts adhere to this distinction. Benedict v. United States Library of Congress, 1997 U.S. Dist. LEXIS 16158 (D.D.C. 1997).

Significantly, this rule was well-established before § 1981 became law. Cf. Blessing v. Freestone, 520 U.S. 329, 349 (1997) (Saclia, J., concurring) (§ 1983 protects rights secured by law; noting third party beneficiaries could not sue under law extant as of 1870). In short, the officers do not have a contractual relationship with the District of Columbia government.

The officers also argue that other 42 U.S.C. § 1981 claims against the District have moved forward. Initially, the officers could have made this argument in their earlier briefing and are thus precluded from raising it in this motion. Kattan by Thomas v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993). Moreover, there is no indication that the lack of an impaired contractual relationship was raised in any of the other cases and nothing can be inferred about

4

how those other courts would rule from the general subject matter of the case.  Cf. Cent. Va. Cmty. College v. Katz, 126 S. Ct. 990, 996 (2006), quoting Cohen v.Virginia, 19 U.S. 264 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.")  If it is improper to infer a court's opinion from "general expressions" in an opinion, it is improper to infer a court's opinion from the general subject matter of a case.  The officers' second argument thus does not support reconsideration.

The officers' final argument is that the collective bargaining agreement between the Fraternal Order of Police and the District of Columbia entitles them to bring this suit.  This, too, was an argument that they could have and should have made before entry of judgment and therefore it cannot provide a basis for vacating the judgment.  Kattan by Thomas, 995 F.2d at 276.  Even if it were considered on the merits, the CBA does not provide a basis for reconsideration.

42 U.S.C. § 1981 permits people to make or enforce contracts without racial discrimination.  Domino's Pizza, Inc. v. McDonald, 126 S. Ct. 1246, 1249 (2006).  This statute applies only to contracts under which a particular plaintiff personally has rights.  Id. ("An individual seeking to make *or* enforce a contract under which he has rights will have a claim under42 U.S.C. § 1981, while one seeking to make *or* enforce a contract under which someone else has rights will not.")  The question is whether they made a contract or have the right to enforce the contract judicially.  The answer is no.

Plaintiff officers point to the collective bargaining agreement between their union and the District of Columbia.  The officers, of course, did not make the contract and there is not even any

5

evidence that these officers are members of the bargaining unit. Nor do the officers have the right to enforce the contract. A collective bargaining agreement does not create an individual employment contract. J. I. Case Co. v. NLRB, 321 U.S. 332, 335 (1944) ("The negotiations between union and management result in what often has been called a trade agreement, rather than in a contract of employment."); Lewittes & Sons v. United Furniture Workers, 95 F. Supp. 851, 855 (S.D.N.Y. 1951) ("The agreement in question is a collective labor agreement, and, as such, is not a 'contract of employment'.") As a matter of law, then, the plaintiff officers are not the beneficiaries of, and do not have judicially enforceable rights, under a contract of employment. In fact, the understanding of a collective bargaining agreement as establishing a "trade agreement" or the general background rules (along with statutes and regulations) for the workplace reinforces the point that the officers' employment is not governed by any kind of employment.

Moreover, the plaintiff officers do not have an independent right to judicially enforce the "trade agreement" governing their workplace. The most that the employees can do is to sue the union for failing to represent them. Cooper v. AFSCME, Local 1033, 656 A.2d 1141, 1144 (D.C. 1995) ("[W]here PERB has jurisdiction over a claim, a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim.") Under the Comprehensive Merit Personnel Act ("CMPA"), D.C. Official Code § 1-601.01 et seq., exclusive jurisdiction over disputes arising from or relating to collective bargaining agreements rests with the Public Employee Relations Board ("PERB"). Thus, because the plaintiff officers did not make the collective bargaining agreement and have no personal right to enforce it, the CBA does not support reconsideration. Even if the plaintiff officers had raised the argument in a timely manner, it is insufficient to support altering or amending the judgment.

Moreover, any allegedly impaired right that the plaintiff officers might assert must derive from the collective bargaining agreement. They have pointed to no such provision and, as a result, the CBA itself points them to the employee grievance provisions of Chapter 16 of the District Personnel Manual and other employee dispute resolution mechanisms – statutes and regulations that are already applicable to them as a result of their appointment as police officers.

### III.  CONCLUSION

Defendant Atcheson respectfully suggests that the Court should deny the Plaintiffs' Motion to Alter or Amend Judgment. The officers have not met their burden of justifying the relief they seek. They merely repeat arguments made before the Court entered judgment on the pleadings in favor of Defendant Atcheson or make new arguments that could and should have been made at that time. Although the officers may be disappointed that they cannot proceed against Defendant Atcheson, they may still have a remedy against the District of Columbia if they are able to prove their case under Title VII. The Court should deny the officers' motion to alter or amend.

Dated: May 26, 2006                                Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
                                                Attorney General for the District of Columbia

                                                GEORGE  C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division


                                                /s/ Kimberly Johnson per RU
                                                KIMBERLY MATTHEWS JOHNSON
                                                Chief, General Litigation I
                                                D.C. Bar No. 435163

        /s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 05-1120 (JR) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Having considered Plaintiff's Motion To Alter or Amend Judgment, the memorandum of points and authorities in support, Defendant Atcheson's Opposition, and the entire record herein, it is, this ____ day of ____, 2006:

ORDERED:   that Plaintiff's Motion to Alter or Amend Judgment shall be, and hereby is, DENIED.

_____
James Robertson
United States District Judge

9


cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

David Jackson, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

Donald Temple, Esq.
Dhamian Blue, Esq.
Temple Law Offices
1229 I Street NW
Washington DC 20005