UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDY SQUIRES, *et al.*,       :
                               :
    Plaintiffs,              :
                               :
  v.                           : Civil Action No. 05-1120 (JR)
                               :
ROBERT ATCHESON, *et al.*,     :
                               :
    Defendants.              :

### ORDER

Plaintiffs' motion for reconsideration [23] is **granted** as to plaintiffs' § 1981 claim against the District of Columbia and **denied** as to plaintiffs' claims against defendant Atcheson.

At least one other judge of this court has allowed a discrimination claim by a member of the Metropolitan Police Department to proceed under 42 U.S.C. § 1981, see <u>Anderson v. Ramsey</u>, Civil Action No. 04-0056 (GK), memorandum of April 19, 2006, although the issue of whether or not the plaintiff had a contractual relationship with the District of Columbia does not appear to have been raised or briefed by any party. The Court of Appeals did not distinguish between Title VII and Section 1981 in <u>Frederick v. District of Columbia</u>, 254 F.3d 156 (D.C. Cir. 2001), although again the question of whether the plaintiffs had a contractual relationship with the District does not appear to have been raised (note that the plaintiffs in that case were described as "black employees of the Metropolitan Police

Department" rather than sworn officers, who, as defendant Atcheson points out, are appointed by the Mayor, Docket No. 16-3 at 3). The question of whether sworn MPD officers are appointees like the plaintiffs in <u>Kizas v. Webster</u>, 707 F.2d 524, 535 (D.C. Cir. 1983), appears indeed to be a question of first impression. It is not a question that needs to be answered now in plaintiffs' action against the District of Columbia, however, since the only difference between a Title VII claim and a § 1981 claim is that one has a $300,000 cap on compensatory damages and the other does not. There will be time enough to decide the question when, and if, the plaintiffs prevail on the merits.

It is more important to decide the question as to Officer Atcheson, however, since the § 1981 claim is the only one that could keep him in the case. Although plaintiffs' claims against the District of Columbia under Title VII and § 1981 are virtually identical, their claims against Officer Atcheson are not. In order to prevail against Officer Atcheson under § 1981, plaintiffs would have to prove that he impaired a contract to which they were parties. Plaintiffs' only suggestion as to how they might do so relates, not to any contract that they themselves have with the District of Columbia, but only to whatever rights they have as third party beneficiaries under the collective bargaining agreement between the District and the Fraternal Order of Police. Because the collective bargaining

agreement is not an employment contract, plaintiffs have stated no claim against Atcheson that is cognizable under § 1981.


                                    JAMES ROBERTSON
                              United States District Judge