# EXHIBIT 1

# Fax Cover Sheet

**TEMPLE LAW OFFICES**
1229 15th Street, NW
Washington, DC 20005
Phone (202) 628-1101
Fax (202) 628-1149
templelawoffices.com

| | |
|---|---|
| Recipient's Name | David Jackson, Esq. |
| Sender's Name | Hernan Siciliano, Paralegal to Donald M. Temple, Esq. |
| Fax Number | 202-727-3625 |
| Phone Number | |
| Date | March 9, 2007 |
| RE | *Randy Squires v. Robert Atcheson, Case No. 1:05cv01120* |

Total pages including cover sheet: 16

__ URGENT ___ REPLY ASAP ___ PLEASE COMMENT ___ FOR YOUR RECORDS

Comments:

**Attached are Randy Squires' unexecuted Answers to Interrogatories. Executed answers will be provided to you shortly.**

**This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you in advance for your cooperation.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDY SQUIRES *et al.*

Plaintiffs

v.

ROBERT ATCHESON, *et al.*,

Defendants

Civil Action No. 1:05-cv-01120 (JR)
Judge James Robertson

**PLAINTIFF RANDY SQUIRES' ANSWERS TO DEFENDANT'S INTERROGATORIES**

COMES NOW the Plaintiff, Randy Squires, and submits the following Answers to Defendant's Interrogatories.

**I. GENERAL OBJECTIONS**

A. Plaintiff objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client, work product or other privileges; such information will not be produced. The inadvertent revelation of any such privileged and protected information shall not be deemed a waiver of any applicable privilege or doctrine with respect to that information or the subject matter thereof.

B. Plaintiff objects to each interrogatory to the extent that it seeks information that is, or should be, readily available to Defendant(s) from their own records and/or documents already provided to Defendants. Duplication and/or recitation of such information would, therefore, be unduly burdensome.

C. Plaintiff objects to all Defendants' instructions, requests and definitions exceeding the requirements provided by the Federal Rules of Civil Procedure and the Local Rules of this Court.

D. Plaintiff objects to all interrogatories, including parts and subparts, exceeding the limitation on number provided by the Federal Rules of Civil Procedure and the Local Rules of this Court, unless the Parties agree to increase such number and the Court's Scheduling Order allows them to do so.

E. Plaintiff objects to each interrogatory to the extent that it is unreasonably vague, broad, repetitious, duplicative or unduly burdensome.

F. Plaintiff objects to all interrogatories and other discovery requests that are not reasonably calculated to lead to the discovery of admissible evidence.

G. Plaintiff objects to all interrogatories and other discovery requests that are not relevant to the claims or defenses involved in the pending action.

H. Plaintiff objects to each interrogatory to the extent that it seeks information not in the possession, custody, or control of Plaintiff, his agents, or his representatives.

I. Plaintiff objects to any discovery requests that ask Plaintiff to ratify or recite statutory points and authorities that are entirely matters of law. No response is required to such inquiries, as they are outside the scope of factual discovery.

J. Plaintiff reserves the right to object to the relevancy, materiality, or admissibility of any information provided in this response at trial or at any other evidentiary proceeding.

K. Plaintiff reserves the right to supplement his responses upon discovery of additional responsive information.

## II. SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subject of the information.

**ANSWER NO. 1:** Plaintiff objects to this interrogatory to the extent it is overly broad and vague. Without waiving objection, such persons include but are not limited to Joseph Gatling, Wai Tat Chung, Louie White, Gregory Johnson, Shakir Muslim, Robert Bush, their close family members and loved ones who have observed the emotional injuries to Plaintiffs. Also see the extensive lists of individuals identified in the Initial Disclosures submitted in this matter. This response may be supplemented, if appropriate.

**INTERROGATORY NO. 2:** Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

**ANSWER NO. 2:** Objection, on the grounds that such documents are equally if not more accessible to Defendants, hence, this interrogatory is overly broad and burdensome. Without waiving objection, documentary support may be obtained from employment files in Defendants' custody; the numerous PD-119's in Defendants' custody; documents compiled in the Equal Employment Opportunity (EEO) investigation of this matter; and the transcripts of the Metropolitan Police Department, Police Trial Board hearings in the matter of Lieutenant Robert Atcheson. (Also see Initial Disclosures submitted in this matter.) This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 3:** Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

**ANSWER NO. 3:** Plaintiff's damages include but are not limited to compensation for pain, suffering, stress, anxiety, humiliation and emotional injuries. Plaintiff suffered disparate treatment on the basis of his race. Plaintiff was retaliated against after he complained to the EEOC regarding such treatment. Plaintiff was subjected to continuous discriminatory and hostile

treatment and retaliatory conduct in several respects including but not limited to assignments, evaluation, overtime, disciplinary action, aggressive interrogation sessions, excessive use of racially abusive language, access to and use of police cars and emergency breathing equipment. Plaintiff was deliberately and continuously intimidated, frustrated, patronized and offended in a racially hostile environment and workplace climate that impeded his ability to be productive. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered emotional distress and mental anguish, including but not limited to embarrassment, humiliation, loss of self-esteem, emotional injuries and psychological damage necessitating therapy. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 4:** Identify, in complete and precise detail, each "action" that you allege Defendant Atcheson took against you as alleged in paragraph 12 of the Amended Complaint.

**ANSWER NO. 4:** See the Amended Complaint filed in this matter in its entirety, wherein allegations of Defendant's disparate and discriminatory conduct are set forth in some detail, specifically, Paragraphs 14 through 28. Moreover, Atcheson constantly demeaned Plaintiffs as "worthless" and "useless pieces of shit." Also see the transcript of the Metropolitan Police Department, Police Trial Board hearings in the matter of Lieutenant Robert Atcheson and Plaintiff's answer to Interrogatory No. 3.

**INTERROGATORY NO. 5:** Identify, in complete and precise detail, each and every training course that Defendant Atcheson allegedly denied you while you worked in the Environmental Crimes Unit. (See Paragraph 16.)

**ANSWER NO. 5:** Objection to the extent that information responsive to this interrogatory is more readily available to Defendants than to Plaintiff. Without waiving

objection, Plaintiff responds that Defendant Atcheson denied Plaintiff the opportunity to attend training as an emergency medical technician. As a result of this denial Plaintiff lost his license and *a fortiori* his eligibility to teach cardiac pulmonary resuscitation. Plaintiff was denied advanced interrogation training. Plaintiff was denied permission to attend a financial investigation class that would have enhanced his promotion chances. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 6:** Identify each "similarly situated Caucasian police officer" referenced in the Amended Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

**ANSWER NO. 6:** Objection to the extent that this interrogatory seeks to elicit a legal conclusion from the Plaintiff. Plaintiff further objects to this interrogatory based on attorney-client privilege and work-product protection to the extent that Defendants seek the legal theories, opinions and impressions of Plaintiff's counsel. Subject to, and without waiver of objection, Plaintiff responds that these officers include Karl Ruleman and Paul Kurgan. As to the training involved regarding Ruleman and Kurgan, such information is in Defendants' possession and more easily obtained from Defendants' own files. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 7:** Identify each and every overtime request that Defendant Atcheson denied to Plaintiff. For each such alleged instance, identify the date, the amount of requested time, the specific court of the Amended Complaint, and all other pertinent details.

**ANSWER NO. 7:** Plaintiff objects to the extent that this interrogatory seeks information more readily available to Defendants. Plaintiff further objects to the extent that it is unduly burdensome and infeasible to document the numerous instances of "each and every

overtime request." Without waiving these objections, Plaintiff responds that between January 2001 and December 2003, Defendant Atcheson denied Plaintiff numerous requests for overtime while authorizing overtime for similarly situated Caucasian officers. Moreover, Atcheson verbally denied overtime to officers of color through directives to Sgt. Shakir Muslim and Sgt. Louie White.

**INTERROGATORY NO. 8:** State, in complete and precise detail, all facts related to your failure to appear in February 2001 at a trial for illegal dumping.

**ANSWER NO. 8:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Without waiving objection, Plaintiff does not recall missing such a court date in February 2001.

**INTERROGATORY NO. 9:** State, in complete and precise detail, all facts related to your failure to appeal at an Office of Citizen Complaint Review Board hearing in or around October 2001.

**ANSWER NO. 9:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Without waiving objection, Plaintiff responds that the CCRB case was dismissed, however, Plaintiff missed the mediation.

**INTERROGATORY NO. 10:** State, in complete and precise detail, all facts related or pertaining to each investigation that you conducted between January 1, 2001 and June 1, 2005.

**ANSWER NO. 10:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records. Duplication and/or recitation of such information would, therefore, be unduly burdensome. The Metropolitan Police Department records contain the requested information.

**INTERROGATORY NO. 11:** State, in complete and precise detail, all facts related or pertaining to any involvement that you had in an accident while operating a DPW vehicle in February 2003.

**ANSWER NO. 11:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records. Duplication and/or recitation of such information would, therefore, be unduly burdensome. The Metropolitan Police Department records contain the requested information.

**INTERROGATORY NO. 12:** State, in complete and precise detailed each and every fact relating or pertaining to your allegation in paragraph 27 of the Amended Complaint that "Atcheson conducted a racially motivated and retaliatory campaign of hatred against" you.

**ANSWER NO. 12:** *Inter alia*, Atcheson verbally abused Plaintiff Squires and used derogatory terms including but not limited to "mother fucker." Atcheson intentionally gave false information to North Carolina police, knowing that it would be detrimental to Plaintiff Squires. Atcheson impugned Plaintiff's character by stating that he was "a scumbag who did not deserve to be in the police, he was going to get him fired and that he was a criminal who had been locked up in North Carolina." According to the pertinent EEOC determination, Atcheson deliberately lied to Plaintiff [to get] him to admit to an offense he did not commit. Atcheson made it known throughout the police department that he wanted to get Plaintiff Squires fired. Also see the Amended Complaint filed in this matter in its entirety, wherein allegations of Defendant's disparate and discriminatory conduct are set forth in some detail in Paragraphs 14 through 28. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 13:** State in complete and precise detail, each and every fact relating or pertaining to your allegation in Paragraph 28 of the Amended Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

**ANSWER NO. 13:** *Inter alia*, Atcheson verbally abused Plaintiff Squires and used derogatory terms including but not limited to "mother fucker." Atcheson intentionally gave false information to North Carolina police, knowing that it would be detrimental to Plaintiff Squires. Atcheson impugned Plaintiff's character by stating that he was "a scumbag who did not deserve to be in the police, he was going to get him fired and that he was a criminal who had been locked up in North Carolina." According to EEOC determination, Atcheson deliberately lied to Plaintiff [to get] him to admit to an offense he did not commit. Atcheson told the Warrant Squad and other persons demeaning and defamatory comments about Plaintiff Squires. Also see the Amended Complaint filed in this matter in its entirety, wherein allegations of Defendant's disparate and discriminatory conduct are set forth in some detail in Paragraphs 14 through 28. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 14:** Identify each and every communication relating or pertaining to this lawsuit with another Plaintiff.

**ANSWER NO. 14:** Objection. Plaintiff objects to this interrogatory because it seeks information protected from disclosure by the attorney-client privilege, work-product protection and/or other privileges and protections implicated by joint parties in this litigation. Such information will not be produced. The inadvertent revelation of any such privileged and protected information shall not be deemed a waiver of any applicable privilege or doctrine with respect to that information or the subject matter thereof.

**INTERROGATORY NO. 15:** Identify each person whom you expect to call to provide opinion testimony either as an expert witness (including treating physicians, if you expect such physician to testify) or non-expert opinion testimony. With respect to such persons, state or identify, in complete and precise detail (a) all opinions to which the expert will or may testify; (b) the complete basis and reasons for each of those opinions (provide information on an opinion by opinion basis); (c) the data and other information considered in forming the opinions (provide information on an opinion by opinion basis); (d) the complete qualifications of the witness to render such opinion(s), including a copy of all publications and presentations authored or co-authored by the witness; (e) the compensation to be paid for the work and time spent in connection with the matter; (f) the precise methodology used by the expert witness (including treating physicians) to reach the opinions provided and a list of publications that the expert contends establishes that such methodology is both scientifically valid and reliable; (g) all communications (including the identity any documents (such as e-mail) transmitted to or received from such person) between you (including counsel) and such person(s) beginning from the date of first contact with such person to the present; (h) all instances of professional discipline, censure, or other disapproval, including the details of any failure to pass any licensure or certifying examination; (f) all civil, administrative, or criminal matters to which such person has been a party; and (j) a listing of any other cases in which the witness has testified as an expert at trial, at hearing, or by deposition since January 1, 1995.

**ANSWER NO. 15:** Therapist J. Edwards, Metropolitan Police Employee Assistance Program, 901 East Capitol Street, SE, Washington DC, 20003 has direct knowledge of Plaintiff's emotional injuries, subject to the applicable privileges and protections. Edward's telephone number is (202) 546-9684. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 16:** For each opinion identified in response to Interrogatory 15 or which you otherwise plan to offer, identify the precise methodology used to reach that opinion. In addition, state (a) whether the conclusions following from the application of the methodology can be objectively challenged and if so, how; (b) wither the methodology has been subject to peer review or publication and if so, identify each such peer review (including any peer review that resulted in the rejection of a propose paper) and publication; (c) the false positive rate (expressed as a percentage), the true positive rate (expressed as a percentage), the true negative rate (expressed as a percentage), and the false negative rate (expressed as a percentage) for the methodology used to generate such opinion (and the literature supporting the determination of the false positive rate); (d) the base rate (expressed as a percentage) in the relevant population of any symptom or condition that Plaintiff claims to have experienced; (e) whether standards exists controlling the operation of the methodology and if so, identify those standards; an (f) the degree of acceptance of the methodology (as applied) within the scientific community and the identity of literature to support any assertion regarding the degree of acceptance and nay literature challenging the methodology.

**ANSWER NO. 16:** Not applicable at this time. This answer will be supplemented, if appropriate.

**INTERROGATORY NO. 17:** Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing you, whether you prepared any affidavits or testified at a deposition, and the nature of the proceeding.

**INTERROGATORY NO. 20:** When did you first become aware that Defendant Atcheson acted in a way that you claim gave rise to each cause of action that you have asserted against him?

**ANSWER NO. 20:** Plaintiff objects to this interrogatory to the extent that it seeks information that is, or should be, readily available to Defendant(s) from their own records. Duplication and/or recitation of such information would, therefore, be unduly burdensome. An extensive record has been developed in this matter. Without waiving objection, Plaintiff was made aware of Defendant Atcheson's discriminatory intention at a meeting where Atcheson stated that he did not believe in treating people equally. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 21:** Identify each person you arrested in calendar years 2001-2004.

**ANSWER NO. 21:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records and/or information previously provided to Defendants. Duplication and/or recitation of such information would, therefore, be unduly burdensome. This answer will be supplemented, if appropriate.

**INTERROGATORY NO. 22:** Describe, in complete and precise detail, each and every investigation that you initiated as a member of the ECU, including, but not limited to, all facts related or pertaining your activities in pursuit of this investigation, the result of the investigation, and other pertinent details.

**ANSWER NO. 17:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records and/or information previously provided to Defendants. Duplication and/or recitation of such information would, therefore, be unduly burdensome. This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 18:** State your complete medical and psychological history *prior* to the incidents(s) described in your lawsuit, including the name, address and telephone number of all the therapists and counselors who have treated or examined you, the names, address and telephone numbers of all hospitals, rehabilitation facilities or clinics and the nature of the service provided, and any illnesses or conditions, including drug and alcohol dependency, for which you have received treatment or counseling and the dates thereof.

**ANSWER NO. 18:** This answer may be supplemented, if appropriate.

**INTERROGATORY NO. 19:** Provide your complete medical and psychological history ***after*** the incident()s) described in your lawsuit, including the names, addresses and telephone number of your regular primary care physician, the name, address, telephone number of your health insurance carrier; the name, address, and telephone number of all hospitals where you were in or outpatient, and the reasons for the hospitalization; and all illnesses or injuries you suffered after the incident(s), specifying each that you have not fully recovered from.

**ANSWER NO. 19:** Therapist J. Edwards, Metropolitan Police Employee Assistance Program, 901 East Capitol Street, SE, Washington DC, 20003 has direct knowledge of Plaintiff's emotional injuries, subject to the applicable privileges and protections. Edward's telephone number is (202) 546-9684. This answer may be supplemented, if appropriate.

**ANSWER NO. 22:** Plaintiff objects to this interrogatory to the extent it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records and/or information previously provided to Defendants. Duplication and/or recitation of such information would, therefore, be unduly burdensome. This answer will be supplemented, if appropriate.

**INTERROGATORY NO. 23:** What is the total number of prosecution reports that you completed between January 1, 2001 and June 1, 2005. Provide a grand total and monthly totals (provide the total individually for each kind of report).

**ANSWER NO. 23:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records and/or information previously provided to Defendants. Duplication and/or recitation of such information would, therefore, be unduly burdensome. This answer will be supplemented, if appropriate.

**INTERROGATORY NO. 24:** What is the total number of witness and defendant statements that you took between January 1, 2001 and June 1, 2005? Provide a grand total and monthly totals (provide the total individually for each kind of statement).

**ANSWER NO. 24:** Plaintiff objects to this interrogatory because it is not relevant to the claims or defenses involved in the pending action. Further, Plaintiff objects to this interrogatory as it seeks information that is, or should be, readily available to Defendant(s) from their own records and/or information previously provided to Defendants. Duplication and/or recitation of

such information would, therefore, be unduly burdensome. This answer will be supplemented, if appropriate.

**INTERROGATORY NO. 25:** State, in complete and precise detail, all facts relating or pertaining to any claims that any alleged action of Defendant Atcheson's caused you objectively tangible harm.

**ANSWER NO. 25:** See Plaintiff's answers to Interrogatories Nos. 3, 4, 12 and 13.

**INTERROGATORY NO. 26:** Did you produce all reasonably available documents within your possession, custody, or control that is responsive to Defendant's Atchison's First Set of Request for Documents? If not, state, in complete and precise detail, why not.

**ANSWER NO. 26:** Plaintiff objects to this interrogatory to the extent that it seeks information that is, or should be, readily available to Defendant(s) from their own records. Duplication and/or recitation of such information would, therefore, be unduly burdensome. An extensive record has been developed in this matter. Without waiving objection, this answer may be supplemented, if appropriate.

**INTERROGATORY NO. 27:** Did you provide all of the reasonable available information that is responsive to the foregoing interrogatories: If not, state, in complete and precise detail, why not.

**ANSWER NO. 27:** Plaintiff objects to this interrogatory to the extent that it seeks information that is, or should be, readily available to Defendant(s) from their own records. Duplication and/or recitation of such information would, therefore, be unduly burdensome. An extensive record has been developed in this matter. Without waiving objection, this answer may be supplemented, if appropriate.

Date: March 5, 2007.

Respectfully submitted,

Donald M. Temple, Esq
1229 15th Street, NW
Washington, DC 20005
202-628-1101