# EXHIBIT 2

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Attorney General**
**Judiciary Square**
**441 Fourth St, NW**
**Washington, D.C. 20001**



July 11, 2006

Donald M. Temple, Esquire
Dhamian A. Blue, Esquire
TEMPLE LAW OFFICE
1229 15th Street, NW
Washington, DC 20005

**RE: SQUIRES v. ATCHESON, et al;  C.A. No. 01-1120 (JR)**

Dear Mr. Temple and Mr. Blue:

Enclosed, please find the District's First Set of Interrogatories to each of the plaintiff's and a Certificate Regarding Discovery.

Very truly yours,

ROBERT J. SPAGNOLETTI,
Attorney General

By: David A. Jackson
Assistant Attorney General

DAJ/
Enclosures
cc: File

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RANDY SQUIRES, *et al.*, | : |
| Plaintiffs, | : |
| | : |
| v. | :   C. A. No.1:05cv1120 (JR) |
| | : |
| ROBERT ATCHESON, *et al.*, | : |
| Defendants. | : |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:    Gregory Johnson
c/o Donald M. Temple, Esquire
Dhamian A.Blue, Esquire
TEMPLE LAW OFFICE
1229 15th Street, NW
Washington, DC 20005

These Interrogatories are directed to the party identified above. The party so identified is directed to answer each Interrogatory separately, and under oath, and to serve a copy of his answers thereto and any requested documents on the attorney for the District of Columbia, within thirty (30) days after service hereof.

a.     These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

b.     Where the name or identity of persons is requested, please state the full name, home address, business address and both home and business telephone numbers.

c.     Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences described or complained of in the Complaint.

d.       Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys. When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.       The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

**Interrogatory for Gregory Johnson**

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5.  Identify, in complete and precise detail, each and every training course that Lt. Atcheson allegedly denied you while you worked in the Environmental Crimes

Unit.

6. Identify each "similarly situated Caucasian police officer" referenced in the Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

7. Identify each and every overtime request that Lt. Atcheson denied to you. For each such alleged instances, identify the date, the amount of requested time, the specific count of the Complaint, and all other pertinent details.

8. Describe in detail the "frivolous investigations" Atcheson allegedly subjected you to as alleged in paragraph 55 of the complaint.

9. State, in complete and precise detail, each and every fact relating or pertaining to you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing

you, whether you prepared any affidavits or testified at a deposition, and the
nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim
gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim
that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring
your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to
the foregoing interrogatories? If not, state, in complete and precise detail, why
not?

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

_David A. Jackson_

DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, *et al.*, | : |
| Plaintiffs, | : |
| v. | :     C. A. No.1:05cv1120 (JR) |
| ROBERT ATCHESON, *et al.*, | : |
| Defendants. | : |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:     Randy Squires
         c/o Donald M. Temple, Esquire
         Dhamian A.Blue, Esquire
         TEMPLE LAW OFFICE
         1229 15th Street, NW
         Washington, DC 20005

These Interrogatories are directed to the party identified above. The party so identified is directed to answer each Interrogatory separately, and under oath, and to serve a copy of his answers thereto and any requested documents on the attorney for the District of Columbia, within thirty (30) days after service hereof.

       a.      These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

       b.      Where the name or identity of persons is requested, please state the full name, home address, business address and both home and business telephone numbers.

       c.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences described or complained of in the Complaint.

d.     Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys.  When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.     The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

### Interrogatory for Randy Squires

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5.  Identify, in complete and precise detail, each and every training course that Lt.

Atcheson allegedly denied you while you worked in the Environmental Crimes Unit.

6. Identify each "similarly situated Caucasian police officer" referenced in the Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

7. Identify each and every overtime request that Lt. Atcheson denied to you. For each such alleged instances, identify the date, the amount of requested time, the specific count of the Complaint, and all other pertinent details.

8. State, in complete and precise detail, each and every fact relating or pertaining to your allegation in Paragraph 27 of the Complaint that "Atcheson conducted a racially motivated and retaliatory campaign of hatred against" you.

9. State, in complete and precise detail, each and every fact relating or pertaining to you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing you, whether you prepared any affidavits or testified at a deposition, and the nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to the foregoing interrogatories? If not, state, in complete and precise detail, why not.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

_David A. Jackson_
DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RANDY SQUIRES, *et al.*,

        Plaintiffs,

              v.

ROBERT ATCHESON, *et al.*,

        Defendants.

C. A. No.1:05cv1120 (JR)

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:    Wai Tat Chung
       c/o Donald M. Temple, Esquire
       Dhamian A.Blue, Esquire
       TEMPLE LAW OFFICE
       1229 15th Street, NW
       Washington, DC 20005

       These Interrogatories are directed to the party identified above. The party so identified is directed to answer each Interrogatory separately, and under oath, and to serve a copy of his answers thereto and any requested documents on the attorney for the District of Columbia, within thirty (30) days after service hereof.

       a.      These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

       b.      Where the name or identity of persons is requested, please state the full name, home address, business address and both home and business telephone numbers.

c.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences described or complained of in the Complaint.

d.      Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys.  When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.      The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

## Interrogatory for Wai Tat Chung

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5.  Identify, in complete and precise detail, each and every training course that Lt.
    Atcheson allegedly denied you while you worked in the Environmental Crimes
    Unit. (See Paragraph 16).

6.  Identify each "similarly situated Caucasian police officer" referenced in the
    Complaint. State, in complete and precise detail, all facts that show or tend to show
    that he or she is "similarly situated", including the training involved.

7.  Identify each and every overtime request that Lt. Atcheson denied to you. For each
    such alleged instances, identify the date, the amount of requested time, the
    specific count of the Complaint, and all other pertinent details.

8.  What "meaningless" assignments, as alleged in your complaint, did Lt. Robert
    Atcheson give you, and did these assignments entail a decrease in pay and/or hinder
    employment opportunities with the Metropolitan Police Department?  If yes, how
    much?

9.  State, in complete and precise detail, each and every fact relating or pertaining to
    you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused
    you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing you, whether you prepared any affidavits or testified at a deposition, and the nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to the foregoing interrogatories? If not, state, in complete and precise detail, why not?

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RANDY SQUIRES, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | C. A. No.1:05cv1120 (JR) |
| ROBERT ATCHESON, *et al.*, | : | |
| Defendants. | : | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:    Shakir Muslim
      c/o Donald M. Temple, Esquire
      Dhamian A.Blue, Esquire
      TEMPLE LAW OFFICE
      1229 15th Street, NW
      Washington, DC 20005

These Interrogatories are directed to the party identified above. The party so identified is directed to answer each Interrogatory separately, and under oath, and to serve a copy of his answers thereto and any requested documents on the attorney for the District of Columbia, within thirty (30) days after service hereof.

a.    These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

b.    Where the name or identity of persons is requested, please state the full name, home address, business address and both home and business telephone numbers.

c.    Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences described or complained of in the Complaint.

d.      Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys. When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.      The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

### Interrogatory for Shakir Muslim

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5.  Identify, in complete and precise detail, each and every training course that Lt.

Atcheson allegedly denied you while you worked in the Environmental Crimes Unit.

6. Identify each "similarly situated Caucasian police officer" referenced in the Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

7. Identify each and every overtime request that Lt. Atcheson denied to you. For each such alleged instances, identify the date, the amount of requested time, the specific count of the Complaint, and all other pertinent details.

8. Did you suffer a decrease in wage or salary, a material loss of benefits, or significantly diminished material responsibilities as a result of Atcheson allegedly putting you on Performance Rating Warning Notice and Performance Rating Improvement Plan? If yes, please explain.

9. State, in complete and precise detail, each and every fact relating or pertaining to you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing you, whether you prepared any affidavits or testified at a deposition, and the nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to the foregoing interrogatories? If not, state, in complete and precise detail, why not?

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RANDY SQUIRES, *et al.*,          :
                                  :
          Plaintiffs,             :
                                  :
          v.                      :     C. A. No.1:05cv1120 (JR)
                                  :
ROBERT ATCHESON, *et al.*,        :
                                  :
          Defendants.             :

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:   Robert Bush
      c/o Donald M. Temple, Esquire
      Dhamian A.Blue, Esquire
      TEMPLE LAW OFFICE
      1229 15th Street, NW
      Washington, DC 20005

        These Interrogatories are directed to the party identified above. The party so

identified is directed to answer each Interrogatory separately, and under oath, and to serve a

copy of his answers thereto and any requested documents on the attorney for the District of

Columbia, within thirty (30) days after service hereof.

        a.      These Interrogatories are continuing in character, so as to require the filing

of supplemental answers and documents if further or different information or documents are

obtained prior to trial.

        b.      Where the name or identity of persons is requested, please state the full

name, home address, business address and both home and business telephone numbers.

        c.      Unless otherwise indicated, these Interrogatories refer to the time, place and

circumstances of the occurrences described or complained of in the Complaint.

d.    Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys. When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.    The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

## Interrogatory for Robert Bush

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5.  Identify, in complete and precise detail, each and every training course that Lt.

Atcheson allegedly denied you while you worked in the Environmental Crimes Unit.

6. Identify each "similarly situated Caucasian police officer" referenced in the Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

7. Identify each and every overtime request that Lt. Atcheson denied to you. For each such alleged instances, identify the date, the amount of requested time, the specific count of the Complaint, and all other pertinent details.

8. When you allege that Atcheson "caused your performance evaluation to be lowered," did it yield a decrease in pay? If yes, how much?

9. State, in complete and precise detail, each and every fact relating or pertaining to you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide

the court, the docket number, the name of the lead counsel for the party opposing

you, whether you prepared any affidavits or testified at a deposition, and the

nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim

gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim

that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring

your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to

the foregoing interrogatories? If not, state, in complete and precise detail, why

not?

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

*David A. Jackson*

DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RANDY SQUIRES, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C. A. No.1:05cv1120 (JR) |
| | : | |
| ROBERT ATCHESON, *et al.*, | : | |
| Defendants. | : | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:    Louie White
c/o Donald M. Temple, Esquire
Dhamian A.Blue, Esquire
TEMPLE LAW OFFICE
1229 15th Street, NW
Washington, DC 20005

These Interrogatories are directed to the party identified above. The party so identified is directed to answer each Interrogatory separately, and under oath, and to serve a copy of his answers thereto and any requested documents on the attorney for the District of Columbia, within thirty (30) days after service hereof.

a.    These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

b.    Where the name or identity of persons is requested, please state the full name, home address, business address and both home and business telephone numbers.

c.     Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences described or complained of in the Complaint.

d.     Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys.  When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.     The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

## Interrogatory for Louie White

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5. Identify, in complete and precise detail, each and every training course that Lt. Atcheson allegedly denied you while you worked in the Environmental Crimes Unit.

6. Identify each "similarly situated Caucasian police officer" referenced in the Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

7. Identify each and every overtime request that Lt. Atcheson denied to you. For each such alleged instances, identify the date, the amount of requested time, the specific count of the Complaint, and all other pertinent details.

8. Please identify the person who completed your annual performance evaluation in the year 2002.

9. State, in complete and precise detail, each and every fact relating or pertaining to you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing you, whether you prepared any affidavits or testified at a deposition, and the nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to the foregoing interrogatories? If not, state, in complete and precise detail, why not?

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, *et al.*, | : |
| Plaintiffs, | : |
| v. | : C. A. No.1:05cv1120 (JR) |
| ROBERT ATCHESON, *et al.*, | : |
| Defendants. | : |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:    Joseph Gatling
        c/o Donald M. Temple, Esquire
        Dhamian A.Blue, Esquire
        TEMPLE LAW OFFICE
        1229 15th Street, NW
        Washington, DC 20005

These Interrogatories are directed to the party identified above. The party so identified is directed to answer each Interrogatory separately, and under oath, and to serve a copy of his answers thereto and any requested documents on the attorney for the District of Columbia, within thirty (30) days after service hereof.

a.      These Interrogatories are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

b.      Where the name or identity of persons is requested, please state the full name, home address, business address and both home and business telephone numbers.

c.      Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences described or complained of in the Complaint.

d.      Where knowledge or information in possession of a party is requested, such request includes information in the possession of the party's agents and attorneys.  When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.      The pronoun "you" refers to each party to whom these Interrogatories are directed and the persons mentioned in clause (d).

## Interrogatory for Joseph Gatling

1.  Identify each person who is likely to have discoverable information that you may use to support your claims and identifying the subjects of the information.

2.  Identify all documents in your possession, custody, or control that you may use to support your claims in this matter.

3.  Provide a detailed and precise computation of all damages that you claim in this action, including, but not limited to, all facts and documents relating or pertaining to your claim for damages.

4.  Identify, in complete and precise detail, each "action" that you allege Lt. Robert Atcheson took against you as alleged in Paragraph 12 of the Complaint.

5. Identify, in complete and precise detail, each and every training course that Lt. Atcheson allegedly denied you while you worked in the Environmental Crimes Unit.

6. Identify each "similarly situated Caucasian police officer" referenced in the Complaint. State, in complete and precise detail, all facts that show or tend to show that he or she is "similarly situated", including the training involved.

7. Identify each and every overtime request that Lt. Atcheson denied to you. For each such alleged instances, identify the date, the amount of requested time, the specific count of the Complaint, and all other pertinent details.

8. Did you suffer a significant change in employment status as a result of the "hostile environment" that Atcheson allegedly created?  If your answer is in the affirmative, please describe in complete detail the significant change in employment that you allegedly suffered.

9. State, in complete and precise detail, each and every fact relating or pertaining to you allegation in Paragraph 28 of the Complaint that Atcheson's conduct caused you "stress, embarrassment, and enormous humiliation."

10. Identify each and every communication relating or pertaining to this lawsuit that you have had with any of the other plaintiffs.

11. Identify each and every litigation, whether administrative, civil, family, or criminal, to which you have been a party or a witness. For each litigation, provide the court, the docket number, the name of the lead counsel for the party opposing you, whether you prepared any affidavits or testified at a deposition, and the nature of the proceeding.

12. When did you first become aware that Lt. Atcheson acted in a way that you claim gave rise to each cause of action that you have asserted in your complaint?

13. State, in complete and precise detail, all facts relating or pertaining to any claim that any alleged action of Lt. Atcheson's caused you objectively tangible harm.

14. Specify the details of the "collective bargaining agreement under which you bring your 42 U.S.C. § 1981 claim.

15. Did you provide all of the reasonably available information that is responsive to the foregoing interrogatories? If not, state, in complete and precise detail, why not?

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH
Chief Civil Litigation Division Section II

DAVID A. JACKSON
Assistant Attorney General
Bar Number 471535
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov