UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RANDY SQUIRES, et al.,**            ) | |
| ) | |
| Plaintiffs,            ) | |
| ) | |
| v.            ) | Civil Action No.: 1:05-cv-01120 (JR) |
| ) | |
| **ROBERT ATCHESON, et al.,**            ) | |
| ) | |
| Defendants.            ) | |
| ) | |

**DEFENDANT ROBERT ATCHESON'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Robert Atcheson ("Atcheson") hereby moves, by and through the undersigned counsel, for summary judgment pursuant to Fed. R. Civ. P. 56 on Count VI, Second Amended Complaint herein. A Memorandum of Points and Authorities, Statement of Material Facts as to which There is No Genuine Issue, and Exhibits are attached hereto and incorporated herein. A proposed Order is also enclosed.

As stated more fully in the accompanying Memorandum:

A.     plaintiffs fail to state a claim against Defendant Atcheson pursuant to 42 U.S.C. § 1983;

B.     defendant Atcheson is entitled to qualified immunity.

Since this is a dispositive motion, defendant Atcheson was not required to obtain the consent of plaintiffs to the filing of this motion or the relief requested herein.

WHEREFORE, defendant Robert Atcheson requests that judgment be entered in his favor and, as to him, the subject complaint be dismissed.

Date:  October 31, 2007                         Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/Kimberly Matthews Johnson
        KIMBERLY MATTHEWS JOHNSON, #435163
        Chief, General Litigation Sec. I

        /s/Michelle Davy
        MICHELLE DAVY, #454524
        Assistant Attorney General
        Sixth Floor South
        441 4th Street, N.W.
        Washington, D.C. 20001
        (202) 724-6608; (202) 727-3625 (fax)
        E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 31st day of October, 2007, that a copy of the foregoing Defendant Robert Atcheson's Motion for Partial Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

        Donald M. Temple
        Temple Law Offices
        1229 15th Street, N.W.
        Washington, D.C. 20005


        /s/Michelle Davy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RANDY SQUIRES, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:05-cv-01120 (JR) |
| ) | |
| **ROBERT ATCHESON, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT ROBERT ATCHESON'S MOTION
<u>FOR PARTIAL SUMMARY JUDGMENT</u>**

This Court should dismiss Count VI, plaintiffs' Second Amended Complaint against defendant Robert Atcheson because:

A. plaintiffs fail to state a claim against Defendant Atcheson pursuant to 42 U.S.C. § 1983;

B. defendant Atcheson is entitled to qualified immunity.

Accordingly, judgment should be entered in favor of defendant Atcheson and, as to him, the complaint dismissed.

**I.  <u>STATEMENT OF FACTS</u>**

Plaintiffs are African-American and Chinese (plaintiff Wai Tat Chung) police officers with the District of Columbia Metropolitan Police Department ("MPD"), who worked in the Environmental Crimes Unit ("ECU") or the Warrant Squad Unit ("WSU") under the supervision of Defendant Atcheson. Second Amended Complaint at ¶ 11. Plaintiffs allege that defendant Atcheson discriminated against them because of their race, created a hostile work environment and engaged in acts of retaliation. Second Amended Complaint.

Plaintiff Squires, an African-American, alleges that defendant Atcheson used racially motivated language towards him by referring to plaintiff Squires as a "mope." *Id.* at ¶ 15. Plaintiff Squires claims that defendant Atcheson treated him differently than similarly situated white police officers by denying him training, denying him the use of a take home vehicle, denying him the use of a self contained breathing apparatus, denying him overtime, lowering his performance evaluation, subjecting him to "aggressive interrogation session(s)," providing false information about him to a North Carolina law enforcement agency, calling him a "scumbag" and referring to him as a "motherf**ker." *Id.* at ¶¶ 14-27. According to plaintiff Squires, he reported defendant Atcheson's alleged conduct to defendant Atcheson's superiors, and they failed to take action to stop defendant Atcheson's alleged conduct. *Id.* at 26.

Plaintiffs Wai Tat Chung, Robert Bush, Gregory Johnson, Joseph Gatling, Shakir Muslim and Louie White make similar allegations against defendant Atcheson.

Plaintiff White claims that defendant Atcheson gave him a poor performance evaluation and subjected him to aggressive interrogation sessions. *Id.* at ¶¶ 30-34. According to Plaintiff White, similarly situated white police officers were treated more favorably by defendant Atcheson. *Id.* at ¶ 34. Plaintiff White also acclaims that defendant Atcheson made racially discriminatory comments. *Id.* at ¶ 35.

Plaintiff Wai Tat Chung, an Asian-American, alleges that defendant Atcheson treated him differently from white officers by assigning him to administrative duties, refusing to approve overtime and giving him a low performance rating. *Id.* at ¶¶ 36-43.

Plaintiff Bush, an African-American, alleges that defendant Atcheson lowered his performance rating and expressed an intent to get rid of all the black officers. *Id.* at ¶¶ 44-49.

Plaintiff Johnson, an African-American, alleges that defendant Atcheson denied him the use of emergency breathing equipment, became hostile when Plaintiff Johnson requested leave to attend to his ailing father, lowered his performance rating, and denied him overtime. *Id*. at ¶¶ 50-55. According to Plaintiff Johnson, similarly situated white officers were not treated in the same manner. *Id*.

Plaintiff Gatling, an African-American, alleges that defendant Atcheson created a hostile work environment by "demeaning African-American and Asian-American officers in his presence." *Id*. at ¶¶ 56-58.

Plaintiff Muslim, an African-American, alleges that defendant Atcheson subjected him to "unjustified discipline, intimidation, threats, and negative evaluations." *Id*. at ¶ 60. Plaintiff Muslim further alleges that defendant Atcheson "attempted to impede [his] promotion prospects. *Id*. at ¶ 61. According to Plaintiff Muslim similarly situated white officers were treated more favorably. *Id*. at ¶ 62.

On June 6, 2005, plaintiff Squires brought the instant action against the defendants District of Columbia ("District") and defendant Atcheson, alleging at Court I, Racial Discrimination under Title VII[1]; Count II, Hostile Environment under Title VII; Count III, Deprivation of Rights Under 42 U.S.C. § 1981; and Count IV, Retaliation. In addition, plaintiffs brought Count V, Negligent Supervision, against the District. Docket Entry No. 1.

On December 1, 2005, plaintiffs Squires filed his first amended complaint against defendant District, charging Court I, Racial Discrimination under Title VII; Count II, Hostile Environment under Title VII; Count III, Retaliation Under Title VII; Count IV, Retaliation under 42 U.S.C. § 1981 against defendants District and Squires; and all plaintiffs herein joined in Count V, Violation of 42 U.S.C. § 1981 against District and Squires.

---

1 42 U.S.C. § 2000e *et seq*

Pursuant to his March 27, 2006 Motion to Dismiss, defendant Atcheson was dismissed from the action by Order dated April 12, 2006, since he is not an employer for purposes of Title VII and had no contractual relationship pursuant to § 1981. Plaintiffs moved for reconsideration, and on May 31, 2006, in relevant part, the court decided that there was no basis to maintain Atcheson as a defendant in the case.

On March 20, 2007, plaintiffs again amended their complaint, adding claims against Atcheson individually and the District, at Count VI, Equal Protection claims under 42 U.S.C. 1983; and Count VII, 42 U.S. C. § 1981. In keeping with the court's April 12, 2006 Order, only Count VI is currently pending as to defendant Atcheson.

Plaintiffs seek of defendant Atcheson: compensatory damages "in excess" of $350,000.00; punitive damages "in excess" of $350,000.00; attorneys fees, and costs.

## II.   STANDARD OF REVIEW

### A. Motions to Dismiss.

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where claims are not stated adequately, or are not supported by a showing of a set of facts consistent with the allegations in the complaint. *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007)("…once a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint").

Under Rule 12(b)(6), all allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Atkins v. Industrial Telecommunications Assn.*, 660 A.2d 885, 887 (1995). *Bell Atlantic v. Twombly, supra*, is illuminating on what the U.S. Supreme Court has recently said plaintiffs must plead in order to state a claim:

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id*. at 1964.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it (citations omitted)." *Id*. at 1965, n. 3.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id*. at 1966.

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory (citations omitted)." *Id*. at 1969.

"[O]nce a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint (citations omitted)." *Id*.

### B. Motions for Summary Judgment.

Alternatively, Fed. R. Civ. P. 12 (b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Summary judgment should be granted if "there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. R. 56 (c). "A moving party is entitled to judgment as a matter of law "against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *I.J.G., Inc. v. Penn-America Ins. Co.*, 803 A.2d 430 (2002), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.*; *Beard v. Area Transit Authority*, 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id*.

Because, even making all reasonable inferences in the plaintiff's favor, the plaintiff cannot state a recoverable claim against the District, it is entitled to judgment as a matter of law and the complaint should be dismissed, or in the alternative, summary judgment should be granted in its favor. Applying either standard, this Court should grant defendants' Motion to Dismiss or, in the alternative, grant defendants summary judgment.

### III.  ARGUMENT

**A. Plaintiffs Fail To State A Claim Against Defendant Atcheson Pursuant To 42 U.S.C. § 1983.**

Defendant Atcheson asserts that the plaintiffs have failed to state a claim under 42 U.S.C. § 1983 ("§ 1983") that defendant Atcheson violated plaintiffs' Fifth Amendment rights as claimed.

In general, to state an individual claim under § 1983, plaintiffs must allege that defendant Atcheson violated their federal constitutional rights. *Maniaci v. Georgetown Univ.*, 2007 U.S.

Dist. LEXIS 66236 (D.D.C. 2007).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Maniaci, supra*.  Plaintiffs have not done and cannot do this.  Thus, defendant Atcheson is entitled to dismissal of the § 1983 as a matter of law.

**1.  Under The Applicable Constitutional Analysis, Plaintiffs Cannot Satisfy Their *Prima Facie* Burden Regarding Defendant Atcheson's Discriminatory Intent.**

All plaintiffs presently assert claims against defendant Atcheson under the equal protection clause of the Fifth Amendment of the U.S. Constitution.  (Second Amended Complaint, Count VI, ¶¶ 87-90.)

Plaintiffs do not state at Count VI, Second Amended Complaint, the precise facts on which they rely to establish this claim.  At ¶ 87, Count VI, plaintiffs reincorporate and reallege all facts set forth in the first and second amended complaints at ¶¶ 1-86.  Accordingly, defendant Atcheson incorporates herein by reference his above Statement of Facts summarizing plaintiffs' claims.

Plaintiffs have not brought this claim under the plaintiff-friendly provisions of Title VII.[2]  Instead, plaintiffs' claim arises directly out of the equal protection clause of the Fifth Amendment.  Constitutional claims such as these are made actionable by the individual right of action set forth under 42 U.S.C. § 1983.  As a result, plaintiff's ability to survive a summary judgment challenge must be analyzed under equal protection guidelines.

It is well-settled that, in order for plaintiffs to prove that they were discriminated against in violation of the equal protection clause of the Fifth Amendment, they must prove that

---

[2] The Supreme Court has developed a complex burden-shifting approach to Title VII claims that protects plaintiffs from their usual inability to provide direct evidence of discrimination.  *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

defendant Atcheson's actions were based on discriminatory intent. The Supreme Court has "made clear that 'proof of racially discriminatory intent or purpose is required' to show a violation of the Equal Protection Clause." *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) (quoting *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977) and citing *Washington v. Davis*, 426 U.S. 229 (1976)); *see also Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quoting *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)) ("the purpose of the equal protection clause of the Fourteenth Amendment[3] is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.").

Thus, plaintiffs must provide this court with actual evidence of discrimination. Here, although Plaintiffs list several allegedly discriminatory acts of defendant Atcheson constituting a hostile environment on the basis of plaintiffs' race, it is abundantly clear that plaintiffs cannot make the type of evidentiary showing required to survive a summary judgment challenge to their Fifth Amendment claim.

Initial review of the four corners of the First and Second Amended Complaints reveals that although defendant Atcheson may not have behaved as a "nice guy" would toward plaintiffs, and he may have behaved poorly and inappropriately in specific ways toward the plaintiffs, plaintiffs have, nonetheless, failed to allege facts sufficient to support their claims of defendant Atcheson's racial animus. Similarly, during the depositions of the few plaintiffs that opposing counsel made available, plaintiffs' testimony was tantamount to admissions that none has any

---

[3] The Fourteenth Amendment expands the protections of the Fifth Amendment to apply to the states. Because the District is not a state, the Fourteenth Amendment does not apply to the District of Columbia. However, the equal protection doctrines arising out of the Fourteenth Amendment are equally applicable to the District under the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

facts on which to base their conclusions that defendant Atcheson mistreated them because of their race.

Counsel has reviewed the available discovery responses and deposition transcripts of plaintiffs. That review reveals that no plaintiff is able to provide evidence that defendant Atcheson intentionally mistreated him or created a hostile environment against a plaintiff on the basis of that plaintiff's race as required under equal protection analysis.

The government deposed Plaintiffs Muslim, Squires, Chung and Johnson (on information and belief, the remaining plaintiffs were not made available for deposition or, alternatively, appropriate scheduling was not arranged among counsel prior to the close of discovery on October 1, 2007), and propounded discovery requests to each plaintiff. Plaintiffs were asked about their direct evidence of defendant Atcheson's discriminatory motive during their depositions although that question was not posed, on information and belief and from counsel's review, in the discovery requests. Thus, the following fact analysis will focus on plaintiff's deposition testimony.

Plaintiff Muslim gave a deposition on July 9, 2007. Plaintiff Muslim indicated that he believed that defendant Atcheson asking plaintiff Muslim to return possession of defendant Atcheson's desk to defendant Atcheson was discriminatory. Muslim Deposition Transcript ("Dep.") at p. 58-59, 61-62. At that time defendant Atcheson was not plaintiff Muslim's supervisor. Muslim Dep. at p. 60. Counsel's review of plaintiff Muslim's discovery responses does not reveal any additional details of defendant Atcheson's alleged acts indicating a discriminatory animus toward plaintiff Muslim because of plaintiff Muslim's race.

Next, plaintiff Squires was deposed on July 10, 2007. Plaintiff Squires stated that defendant Atcheson said he doesn't "believe in treating people fairly." Squires Dep. at p. 38.

However, when asked whether defendant Atcheson said he didn't believe in treating people fairly because of their race, plaintiff Squires responded "[n]o, he did not. His actions showed it though." *Id*. This does not meet plaintiff Squires' evidentiary burden under the Fifth Amendment. Plaintiff Squires charges that defendant Atcheson referred to him and others as "dumb, lazy, mope, criminal, motherf\*\*ker, scum bag," *Id*. at 163. These terms are evidently unfortunate and inexcusable. However, counsel could locate no indications in plaintiff Squires' responses of direct evidence per the Fifth Amendment that defendant Atcheson's motivation for calling plaintiff Squires or others such names was based on those persons' race. Plaintiff Squires states that he had a legal situation in North Carolina, and defendant Atcheson "was constantly harassing me…[saying] I would be locked up, that I was a criminal…that I would lose my job, that I was supposed to be locked up. I don't deserve to be on the police department." *Id*. at 42. Plaintiff Squires states he believes that these comments were discriminatory. *Id*. However, once again, he provides no direct evidence of such motive, only his circumstantial speculation that race was defendant Atcheson's motivation for these actions. Counsel's review of plaintiff Squires' discovery responses does not reveal any additional details of defendant Atcheson's alleged acts indicating a discriminatory animus toward plaintiff Squires because of plaintiff Squires' race.

Plaintiff Chung was deposed on July 19, 2007. Plaintiff Chung specifically admitted that he had no direct evidence of defendant Atcheson's discriminatory animus toward him, and had surmised that defendant Atcheson's motivation could be none other than discrimination on the basis of race due to the circumstances surrounding defendant Atcheson's alleged acts against plaintiff Chung. *See e.g.* Chung Dep. at pp. 39-40, 48, 50-57. Counsel's review of plaintiff Chung's discovery responses does not reveal any additional details of defendant Atcheson's

alleged acts indicating a discriminatory animus toward plaintiff Chung because of plaintiff Chung's race.

Plaintiff Johnson also gave a deposition on July 19, 2007. He lists a litany of circumstances that he believes evidence defendant Atcheson's discriminatory motive. For instance, plaintiff Johnson charges that defendant Atcheson denied plaintiff Johnson the use of breathing equipment he needed to perform his duties because of plaintiff Johnson's race. Johnson Dep. at 97. However, no where in this testimony does plaintiff Johnson mention any specific reason he knew of or direct evidence he possessed that defendant Atcheson denied him the equipment because of plaintiff Johnson's race. Plaintiff Johnson charged that defendant Atcheson harassed him about taking needed leave to tend to his ailing father. *Id*. at 97-100. Again, no direct evidence was provided that this alleged behavior was due to a race based discriminatory motive. Regarding defendant Atcheson's alleged use of the term "mope" plaintiff Johnson stated his opinion that the term "referred to us being lazy and stuff like that, that connected the two [concepts of lazy and race discrimination]. Plaintiff again fails to provide direct evidence that defendant Atcheson used the term "mope" and believed he was using the term to express race discrimination. Plaintiff Johnson charged that defendant Atcheson used racially discriminatory terms to refer to Asians. *Id*. at 133. However, when pressed, he said "I can't recall what it was…." indicating he had no recollection of any such terms that defendant Atcheson might have used and was only referring in general to rumors he had heard. On the contrary, plaintiff Johnson stated that defendant Atcheson was close personal friends with a Caucasian officer who has a African-American wife (*Id*. at 137-140), hardly behavior that an entrenched bigot would demonstrate. Counsel's review of plaintiff Johnson's discovery

responses does not reveal any additional details of defendant Atcheson's alleged acts indicating a discriminatory animus toward plaintiff Johnson because of plaintiff Johnson's race.

In sum, although plaintiffs list numerous alleged discriminatory acts, they simply cannot prove the most critical element of their Fifth Amendment discrimination claim—they cannot raise a factually supported inference that defendant Atcheson intentionally perpetrated any of these acts and intentionally created a hostile environment because of plaintiffs' race as required under the Fifth Amendment. Plaintiffs, therefore, cannot satisfy their evidentiary burden by establishing discriminatory intent. *Cuyahoga Falls*, supra, at 194; *Arlington Heights*, supra, at 265. Defendant Atcheson is, therefore, entitled to judgment as a matter of law.

**2. Even If The Discrimination Claim Were Subject To Title VII Analysis, Plaintiffs Could Not Satisfy Their Ultimate Burden Of Establishing Discrimination.**

Even if plaintiffs could avail themselves of the plaintiff-friendly Title VII analysis, plaintiffs would still be unable to satisfy their "ultimate burden" of proving discriminatory intent. *Ford Motor Co. v. Eeoc*, 458 U.S. 219, 224 (1982).

Again, plaintiffs allege that defendant Atcheson created a hostile environment against them on the basis of their race. However, neither the two operative complaints herein nor the evidence adduced during discovery sets forth any facts that would establish a hostile environment theory in this case.

In this connection, *Rattigan v. Gonzales*, 2007 U.S. Dist. LEXIS 39227, 54-56 (D.D.C. 2007) provides:

> **"A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice."** *Morgan*, **536 U.S. at 117 (internal quotation marks omitted). The workplace becomes "hostile" for purposes of a Title VII claim only when it is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." … *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L.**

**Ed. 2d 201 (1998);** *accord Harris v. Forklift Sys., Inc.***, 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) (citing** *Meritor Sav. Bank, FSB v. Vinson***, 477 U.S. 57, 65, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)). To make out a** *prima facie* **case of hostile work environment, plaintiff must also show that the harassment was based on plaintiff's membership in a protected class, and that his employer knew or should have known of the harassment and failed to take any remedial action.** *See Davis v. Coastal Int'l Sec., Inc.***, 348 U.S. App. D.C. 375, 275 F.3d 1119, 1122-23 (D.C. Cir. 2000) (citing** *Yeary v. Goodwill Industries- Knoxville***, 107 F.3d 443, 445 (6th Cir. 1997));** *see also Hussain v. Nicholson***, 369 U.S. App. D.C. 247, 435 F.3d 359, 366 (D.C. Cir. 2006). While a plaintiff is not required to plead a prima facie case of hostile work environment in the complaint, the alleged facts must be able to support such a claim.** *See Sparrow***, 216 F.3d at 1114. In determining whether an environment is sufficiently hostile or abusive to support a claim, courts must look at "'all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"** *Faragher***, 524 U.S. at 787-88 (1998) (quoting** *Harris***, 510 U.S. at 23). "[N]ot all abusive behavior, even when it is motivated by discriminatory animus, is actionable."** *Stewart***, 275 F.3d at 1133 (quoting** *Barbour v. Browner***, 337 U.S. App. D.C. 50, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999). The "conduct must be extreme to amount to a change in the terms and conditions of employment."** *Faragher***, 524 U.S. at 788 (emphasis added). This standard is designed to be "sufficiently demanding to ensure that Title VII does not become a 'general civility code.'"** *Id***. (quoting** *Oncale***, 523 U.S. at 80).**

Defendant Atcheson realleges and incorporates by reference herein the facts adduced and set forth in subsection 1. above. In the final analysis, plaintiffs herein cannot prove that that defendant Atcheson's actions were based on a discriminatory animus. Accordingly, even if the plaintiffs' claims were analyzed under the Title VII hostile environment analysis, defendant Atcheson would be entitled to judgment as a matter of law.

### B. Defendant Atcheson Is Entitled To Qualified Immunity.

Plaintiffs' complaint should be dismissed because defendant Atcheson is entitled to qualified immunity. *Barham v. Ramsey*, 434 F.3d 565, 572 (D.C. Cir. 2006) states that "qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court outlined its two-part test for determining claims of qualified immunity:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [Mayor's] conduct violated a constitutional right? … If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Id*. at 201.

Here, in the absence of any facts establishing a discriminatory animus on the part of defendant Atcheson, and defendant Atcheson, therefore, did not breach plaintiffs' constitution rights, the Court cannot answer the threshold question regarding his conduct in the affirmative. Accordingly, the court would not reach the ultimate question, since plaintiffs cannot allege circumstances that "clearly establish" a right.

Accordingly, plaintiffs cannot recover against defendant Atcheson in his individual capacity as a matter of law and, as to him, the Complaint must be dismissed.

### IV.    Conclusion

In sum,

A. plaintiffs fail to state a claim against Defendant Atcheson pursuant to 42 U.S.C. § 1983;

B. defendant Atcheson is entitled to qualified immunity.

WHEREFORE, defendant Atcheson requests that judgment be entered in his favor and, as to him, the subject complaint be dismissed.

Date:  October 31, 2007                                          Respectfully submitted,

                                                                 LINDA SINGER
                                                                 Attorney General for the District of Columbia

> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> /s/Kimberly Matthews Johnson
> KIMBERLY MATTHEWS JOHNSON, #435163
> Chief, General Litigation Sec. I
>
> /s/Michelle Davy
> MICHELLE DAVY, #454524
> Assistant Attorney General
> Sixth Floor South
> 441 4th Street, N.W.
> Washington, D.C. 20001
> (202) 724-6608
> (202) 727-3625 (fax)
> E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 31st day of October, 2007, that a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant Robert Atcheson's Motion for Partial Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

> Donald M. Temple
> Temple Law Offices
> 1229 15th Street, N.W.
> Washington, D.C. 20005
>
>
> /s/Michelle Davy
> Michelle Davy
> Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RANDY SQUIRES, et al.,**   )<br>  )<br>  Plaintiffs,   )<br>  )<br>v.   )<br>  )<br>**ROBERT ATCHESON, et al.,**   )<br>  )<br>  Defendants.   )<br>  ) | Civil Action No.: 1:05-cv-01120 (JR) |

## ORDER

UPON CONSIDERATION of defendant Robert Atcheson's Motion for Summary Judgment, supporting Statement of Material Facts as to which There is No Genuine Issue, Memorandum of Points and Authorities, Exhibits, any opposition, and the entire record herein, it is by the Court this _____ day of _____, 2007, hereby **ORDERED**

that Defendant Robert Atcheson's Motion for Partial Summary Judgment be, and hereby is **GRANTED**; and it is hereby **ORDERED**

that, as to Defendant Atcheson, the Plaintiff's Complaint be, and hereby is **DISMISSED**.

**SO ORDERED**.

_____
JUDGE JAMES ROBERTSON

cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001

Donald M. Temple
Temple Law Offices
1229 15th Street, N.W.
Washington, D.C. 20005