# EXHIBIT #2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy Squires, et al. ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action No.: 1:05-cv-01120 (JR) |
| Robert Atcheson, et al. ) | Judge James Robertson |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## SECOND AMENDED COMPLAINT

NOW COME Plaintiffs Randy Squires, *et al.* ("Plaintiffs"), by and through undersigned counsel, who file this Second Amended Complaint for damages. Plaintiffs respectfully sets forth as follows.

1. Plaintiffs reiterate, renew, and adopt herein the allegations made in their First Amended Complaint For Civil Action ("Complaint"), filed on December 1, 2005.

2. Plaintiff supplements and amends their Complaint by adding the following and additional allegations and causes of action.

81. Plaintiff incorporates and adopts herein all of the allegations made in paragraphs 1 through 80 above.[1]

82. Upon information and belief, Defendant District of Columbia ("District") reinstated Defendant Atcheson to a supervisory position within the District of

---

[1] Plaintiffs' incorporation of facts pleaded in the Complaint is not intended to be redundant, as Plaintiffs certainly do not seek to re-plead matters already ruled upon by the Court. Thus, insofar as Plaintiffs' 42 U.S.C. § 1981 claims have been dismissed, Plaintiffs incorporate those claims herein only to the extent that the Court reinstates those claims pursuant to Plaintiffs' forthcoming Motion for Reconsideration.

Columbia Metropolitan Police Department ("MPD") after an internal investigation revealed inappropriate conduct toward Plaintiffs. The events described in this paragraph have occurred since the date Plaintiffs filed the instant lawsuit.

83.  At all times relevant to the events complained of herein, high level officials within MPD and the District government ignored Plaintiffs' complaints of race-based discrimination, or demonstrated a reckless disregard for the same. Such MPD and District government officials indifference is evidenced, in part, by their refusal to adequately discipline Defendant Atcheson prior to and since the inception of this litigation.

84.  Further, given the widely-known pervasiveness of Defendant Atcheson's discriminatory conduct against Plaintiffs as African-American and/or Asian-American MPD officers, it is clear that both MPD and the District's deliberate indifference toward the discrimination suffered by Plaintiffs is the moving force behind the violation of Plaintiff's equal protection constitutional rights against impermissible employment discrimination.

85.  At all times relevant herein, Defendant Atcheson used his government status and position of authority to trample upon and violate Plaintiffs' constitutional rights against race-based discrimination. In so doing, Plaintiff Atcheson acted under color of law.

86.  Defendant Atcheson, knowing that his conduct was illegal, did not act reasonably in subjecting Plaintiffs' to his discriminatory conduct, thereby resulting in adverse employment action.

87.  Upon information and belief, at all times relevant herein, Plaintiffs were represented by the Fraternal Order of Police—District of Columbia Lodge ("FOP"), an employee union that has exclusive authority to negotiate collective-bargaining agreements, *i.e.* labor contracts, with the District.

2

88. Upon information and belief, Plaintiffs had rights under such a collective-bargaining agreement (the "Agreement") that addressed the terms, conditions, and benefits of employment under MPD that are not set forth under the various laws of the District.

89. Defendants Atcheson and the District, through their discriminatory conduct alleged herein, precluded Plaintiffs from enjoying the rights, benefits, and privileges of the Agreement as it relates to the terms, conditions, and benefits of Plaintiffs' employment. Specifically, by subjecting Plaintiffs to discriminatory conduct and behavior not visited upon similarly situated white MPD officers, Defendants discriminatorily refused to recognized and eviscerated the protection afforded Plaintiffs under the Agreement.

## COUNT VI
## 42 U.S.C. § 1983 — Equal Protection (Against Atcheson Individually and District)

87. Plaintiffs incorporate by reference the facts set forth in paragraphs 1 through 86 as if fully set forth herein.

88. Defendants Atcheson and District intentionally violated Plaintiffs' Fourteenth Amendment constitutional protection against impermissible employment discrimination as interpreted under the Equal Protection Clause of that amendment.

89. Defendant Atcheson and District's conduct as alleged herein was neither subjectively nor objectively reasonable, and was not pursuant to any compelling state interest.

90. As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have suffered injury and damages, including, but not limited to, humiliation, loss of self esteem, fear, embarrassment, mental anguish, and the deprivation and erosion of their constitutional rights.

3

## COUNT VII
### 42 U.S.C. § 1981 (Against Atcheson Individually and District)

91. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 90 as if fully set forth herein.

92. Defendant Atcheson, by his continuous and invidious discrimination against Plaintiffs', intentionally interfered with, subverted, and deprived Plaintiffs' enjoyment of the benefits, privileges, terms, and conditions of the Agreement.

93. As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have suffered injury and damages, including, but not limited to, humiliation, loss of self esteem, fear, embarrassment, mental anguish, and the deprivation and erosion of their constitutional rights.

WHEREFORE, each Plaintiff prays that this Honorable Court enter:

(a) Judgment against all Defendants for compensatory damages in an amount in excess of three-hundred fifty thousand dollars ($350,000);

(b) Judgment against Defendant Atcheson for punitive damages in an amount in excess of three-hundred fifty thousand dollars ($350,000) for his unlawful conduct toward Plaintiffs and to deter similar conduct in the future; and

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randy Squires, et al. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>Robert Atcheson, et al. )<br>)<br>Defendants. )<br>)<br>)<br>) | Civil Action No.: 1:05-cv-01120 (JR)<br>Judge James Robertson |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiffs, by and through undersigned counsel, hereby submits this Motion for Leave to File to File a Second Amended Complaint ("Motion") and the following memorandum of points and authorities in support thereof.[1] Plaintiffs' Motion should be granted for the reasons set forth below.

Rule 15(a) of the Federal Rules of Civil Procedure states that after the initial opportunity for the amendment of pleadings has expired, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("*Forman*"). "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by previous amendments . . . or futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. 1996) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. at 230).

---

[1] Plaintiffs' counsel spoke with counsel for both Defendants in an attempt to obtain their consent to this Motion. Neither Defendant consents.

Plaintiffs seek to amend the Complaint to include claims against Defendants District of Columbia ("District") and Atecheson for (1) violation of the Equal Protection Clause of the Fifth Amendment[2] of the United States Constitution, pursuant to 42 U.S.C. § 1983 ("§ 1983"), and (2) violation of 42 U.S.C. § 1981 ("§ 1981") for discriminatorily interfering with Plaintiffs' terms, benefits, and conditions of employment as protected under the collective-bargaining agreement (the "Agreement") entered into between the Fraternal Order of Police—District of Columbia Lodge ("FOP") and the District. Specifically, the Second Amended Complaint sets forth facts that will allow Plaintiffs to prove that Atcheson's intentional conduct, and the District's reckless indifference thereto, constitutes impermissible employment discrimination that occurred under color of state law. Further, Plaintiffs allege that because they were subjected to Atcheson's discriminatory conduct, which was not visited upon similarly situated white MPD officers, Defendants discriminatorily refused to recognize, and eviscerated, the protection afforded Plaintiffs under the Agreement to which they were beneficiaries.

The interest of justice weighs strongly in favor of permitting Plaintiffs to amend the Complaint. Specifically, because this Court has dismissed each Plaintiff's § 1981 claims against Defendants based on the Courts reasoning that MPD employees do not have a contractual relationship with the District, only two Plaintiffs under the current Complaint are able to seek redress for the illegal discrimination visited upon them by virtue of their Title VII claims. However, permitting Plaintiffs to amend the Complaint cures any prior deficiencies. First, while the balance of the Plaintiffs admittedly have not exhausted their administrative remedies, such exhaustion is not a prerequisite to

---

[2] Concepts of equal protection, as set forth in the Fourteenth Amendment, are inherent in the due process of law guaranteed to citizens of the District by the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Washington v. United States*, 401 F.2d 915 (D.C. Cir. 1968); *United Federation of Postal Clerks v. Blount*, 325 F.Supp. 879, 883 (D.D.C. 1971) (three-judge court); *Hobson v. Hansen*, 269 F.Supp. 401, 492-493 (D.D.C. 1967).

suit under § 1983. *See Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 102 S.Ct. 2557, 2559 (U.S. 1982); *see also Rouche v. District of Columbia*, 654 A.2d 1283, 1284 (D.C. 1995) ("*Rouche*"). Further, while Title VII remains as the exclusive remedy for race-based employment discrimination claims brought by **_federal employees_**, there is absolutely no indication that District employees are precluded from bringing discrimination claims under § 1983. *See e.g., Singletary v. District of Columbia*, 351 F.3d 519 (D.C. Cir. 2003) (permitting legally blind employee of District agency to bring both Title VII and § 1983 claims for disability discrimination); *Oates v. District of Columbia*, 824 F.2d 87 (D.C. Cir. 1985) (permitting District job applicant to bring § 1983 claim for gender discrimination); *Rouche*, 654 A.2d 1283 (permitting former MPD officer to bring race discrimination claim under § 1983).

Additionally, Plaintiffs should be permitted to allege facts and seek redress under § 1981 for Defendants' discriminatory impairment of the protection afforded under their collective-bargaining agreement.[3] Plaintiffs' claims will not result in undue delay, and are not motivated by bad faith or dilatory motive.

---

[3] Plaintiffs note, in response to concerns raised by Defendant District's counsel during Plaintiffs attempt to obtain consent to this Motion, that because the FOP is their sole collective-bargaining agent, and because rights accrue to them under the Agreement, they have standing to sue under § 1981. *See Dominos v. McDonald*, 546 U.S. ___ , n.3 (2006) (stating that § 1981 gives victims of discrimination a right to sue upon a contract 'under which the plaintiff has rights' rather than 'to which the plaintiff is a party' because we do mean to exclude the possibility that a third-party beneficiary of a contract may have rights under § 1981).

3

For these reasons, Plaintiffs respectfully request that the Court grant this Motion.

Respectfully submitted,
this 19th day of April, 2006,

/s/
_____

Donald M. Temple [408749]
Dhamian A. Blue [488664]
TEMPLE LAW OFFICES
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
**COUNSEL FOR PLAINTIFFS**

4

(c)  Judgment against Defendants for reasonable attorneys fees, costs, and such other relief as the Court deems proper.

Respectfully submitted,
this 19th day of April, 2006,

/s/
_____
Donald M. Temple [408749]
Dhamian A. Blue [488664]
TEMPLE LAW OFFICES
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
**COUNSEL FOR PLAINTIFFS**

5

Notice: This decision may be formally revised before it is published in the District of Columbia Register. Parties should promptly notify the Office Manager of any formal errors so that this Office can correct them before publishing the decision. This notice is not intended to provide an opportunity for substantive challenge to the decision.

## THE DISTRICT OF COLUMBIA

### BEFORE

## THE OFFICE OF EMPLOYEE APPEALS

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| ROBERT ATCHESON ) | OEA Matter No. 1601-0055-06 |
| Employee ) | |
| ) | Date of Issuance: September 12, 2007 |
| v. ) | |
| ) | Sheryl Sears, Esq. |
| METROPOLITAN POLICE ) | Administrative Judge |
| DEPARTMENT ) | |
| Agency ) | |

Gene Smith, Esq., Employee Representative
Thelma Brown, Esq., Agency Representative

### INITIAL DECISION

### INTRODUCTION AND PROCEDURAL HISTORY

On November 12, 2003, Gregory Greene, Chairman of the Fraternal Order of Police, presented a request to the Chief of the D.C. Metropolitan Police Department (MPD) for an investigation into allegations of misconduct by Lieutenant Robert Atcheson (Employee). At the time, Employee was serving as the Commander of the Environmental Crimes Unit (ECU) and the Warrant Squad, Special Investigations Branch (SIB). The request was based upon complaints by Employee's supervisees.

On September 13, 2004, Debbie-Anne Burt, an Equal Employment Opportunity (EEO) Investigator, presented a report of the investigation. The report was entitled "Discrimination Complaint Filed by Various Members of the Environmental Protection Unit and the Warrant Squad, Special Investigations Branch (EEO103-52, CS 03-1566)." Burt transmitted it through the Manager of the Office of the Diversity and Equal Employment Opportunity Compliance to the Assistant Chief of the Office of Professional Responsibility. It stated that Employee's "conduct violated Department regulations and federal law" when he "discriminated against minority members" of his command by giving higher ratings to non-minorities." Burt also reported that Employee "consistently used profanity when addressing subordinates and discussing other members of his command." Although Employee disputes its findings, the parties stipulated the authenticity of the

investigative report for the purpose of the proceedings before the Office of Employee Appeals ("the Office" or "OEA").

By memorandum dated November 5, 2004, Assistant Chief Shannon P. Cockett of Human Services notified Employee that Agency proposed to terminate his employment. Agency charged Employee with using coarse and profane language, committing acts of racial discrimination, improperly influencing and intimidating complainants and potential witnesses and making untruthful statements during the investigation. A three member MPD Trial Board panel convened an adverse action hearing, found Employee guilty of all of the charges and unanimously recommended termination. On February 28, 2006, Assistant Chief Cockett issued a final notice to Employee advising that he would be removed effective April 14, 2006.

Employee appealed to the then Chief of Police, Charles Ramsey. On March 30, 2006, the Chief dismissed the charges of discrimination, untruthful statements and improper influence and intimidation of complainants. The Chief sustained Charge No. 1, Specifications 1 and 2 as follows:

CHARGE NO. 1:   Violation of General Order 1202.1, Part I-B-12, which reads: "Conduct unbecoming an officer, including acts detrimental to good discipline, conduct that would affect adversely the employee's or the agency's ability to perform effectively, or violations of any law of the United States, or of any law, municipal ordinance, or regulation of the District of Columbia." This misconduct is further defined in General Order Series 201.26, Part I-C-3, which reads: "Members shall be courteous, civil and respectful to their superiors, associates, and other persons

-and-

Part I-C-4; which reads: "Members shall refrain from harsh, violent, coarse, profane, sarcastic or insolent language. Members shall not use terms or resort to name calling which might be interpreted as derogatory, disrespectful or offensive to the dignity of any person." This misconduct is further defined in General Order 201.9, Part I-A-1(b) and the Workplace Environment Plan, which commits the Department to maintaining the workplace environment free of discrimination on the basis of race. This misconduct is defined as cause in Section 1603 of the D.C. Personnel Manual.

Specification No. 1:   In that you consistently used coarse and profane language regularly and consistently when addressing your subordinates.

Specification No. 2:   In that during a meeting to discuss overtime compensation for the International Monetary Fund (IMF) meetings, you