UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
RANDY SQUIRES, *et al*.                        :
                                               :
            Plaintiff,                         :
                                               :
                                               :     Case No.: 1:05-cv-01120 (JR)
      v.                                       :
                                               :
DISTRICT OF COLUMBIA, *et al.,*                :
                                               :
            Defendants                         :
                                               :
_____:

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Plaintiffs oppose the District's motion for partial summary judgment on two grounds.

First, Plaintiffs claim that the District's motion should be denied on procedural grounds for

failing to set forth sufficient facts in its statement of material facts. Pls' Opp. at 10. Second,

Plaintiffs oppose the motion on the grounds that there is a genuine issue of material fact as to

whether a policy or custom was the cause of the alleged violation of Plaintiffs' rights under 42

U.S.C. §§ 1981 and 1983. Pls' Opp. at 11.

Defendant District of Columbia's motion for partial summary judgment should be

granted for the reasons set forth in its memorandum of points and authorities and for the reasons

set forth herein.

**I.      The District's Statement of Material Facts Is Sufficient.**

Plaintiffs' argument that the District's motion for partial summary judgment should be

denied because the District failed to set forth sufficient facts in its statement of material facts is

without merit. According to Plaintiffs, absent from the "District's memorandum of points and

authorities is any statement of material facts as to which the District contends there is no genuine

issue." *Id.* at 10.     However, Plaintiff ignores the District's Material Fact 5, which states that

"Plaintiffs' do not allege … that a District policy or custom was the moving force that caused

them injury."   District's Statement of Material Facts No 5.  Plaintiff did not contest this fact

which is essential for the District's motion.

In their Second Amended Complaint Plaintiffs do not allege any conduct on the part of

either former Chief of Police Ramsey or former Mayor Williams which establish an

unconstitutional policy or custom that was the moving force that caused Plaintiffs' alleged

injuries.  As explained in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658,

691 (1978), the District can be held liable for Plaintiff's constitutional claims under 42 U.S.C. §

1983 only if the Plaintiffs allege facts that indicate their injury was caused by a policy or custom

of the District.  436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S.

808, 824 (1985).  To show that a municipal custom or policy caused a constitutional violation,

Plaintiff must do more than identify conduct attributable to the municipality.   *Board of County*

*Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404*.  Plaintiff must "show fault on the

part of the city based on a course of action its policy-makers consciously chose to pursue."

*Carter v. Dist. of Columbia, 254 U.S. App. D.C. 71, 795 F.2d 116, 122 (D.C. Cir. 1986)*.  That

conduct must be "the moving force of the constitutional violation." *Monell, 436 U.S. at 694*.

The Supreme Court held that the "custom and policy" analysis announced in *Monell,* applies to

municipal liability under §1981.  *Jett v. Dallas Independent School District,* 491 U.S. 701, 710-

737 (1989).

Thus, for the purpose of the District's motion for partial summary judgment, the

District's Material Fact No. 5, is sufficient to support the District's argument that Plaintiffs have

not alleged to support holding the District liable under §§ 1981 and 1983. For this reason the

District's motion should be granted.

**II.      Plaintiffs cannot prove a material factual dispute that an unconstitutional policy or custom was approved by a District policymaker.**

Plaintiffs second argument, that there is a genuine issue of material fact as to whether a

policy or custom was the cause of the alleged violation of Plaintiffs' rights under 42 U.S.C. §§

1981 and 1983, is also without merit. According to Plaintiffs, Chief Ramsey's refusal to

discipline Defendant Atcheson after it was determined that Defendant Atcheson had used harsh

and vulgar language towards Plaintiffs is sufficient to establish an unconstitutional policy or

custom.   The record evidence in this case shows that Chief Ramsey determined that Defendant

Atcheson's "unprofessional conduct towards, and treatment of, his subordinated  ... "violated

MPD General Orders.  As a result of the violation, Chief Ramsey ordered that Defendant

Atcheson be suspended for "thirty (30) working days."  Exhibit A, attached hereto.  Additionally,

Chief Ramsey ordered that Defendant Atcheson be removed from his "current position within

Operational Support Command." *Id*.   Thus, Chief Ramsey disciplined Defendant Atcheson for

the use of the very language that Plaintiffs' complain about.   The actions by Chief Ramsey show

that he did not condone or tolerate Defendant Acheson's conduct towards Plaintiffs.

Plaintiffs also claim that the failure to supervise Defendant Atcheson also establishes an

unconstitutional policy or custom.   This Court should reject this argument because Plaintiffs did

not set forth a claim for failure to supervise.  See, Second Amended Complaint generally.

Moreover, Plaintiffs alleged any facts of an unconstitutional policy or custom of failure to

supervise.

Even if Plaintiffs had set forth a claim for failure to supervise they have not identified an

expert on this issue.  Courts generally require expert testimony regarding the standard of care in

3

cases concerning allegations of negligent police operations, supervision and training. *See Smith v. District of Columbia, et al.*, 882 A.2d 778, 792-793 (D.C. App. 2005) (requiring expert testimony on claims of failure to train, supervise and discipline police officers); *Griggs v. Washington Metropolitan Area Transit Authority, et al.*, 2002 U.S. Dist. LEXIS 18413; *District of Columbia v. White*, 442 A.2d 159, 164-165 (D.C. App. 1982) (requiring expert testimony concerning adequacy of MPD's weapons safety training); *District of Columbia v. Peters*, 527 A.2d 1269 (D.C. App. 1987)(requiring expert testimony for training police regarding confrontations with people under the influence of narcotics); *Holder v. District of Columbia*, 700 A.2d 738, 741-742 (D.C. App. 1997) (stating that police use of force is an issue beyond the kin of the average jury).

In this case, discovery is now closed and Plaintiffs have not named an expert even though they had amble opportunity to do so. Without expert testimony Plaintiff will be unable to establish the applicable standard of care and a deviation from that standard, relating to police supervision.

## CONCLUSION

Plaintiffs have not alleged and cannot prove that a custom or policy by a District policymaker was the moving force that caused their alleged injuries and, therefore, the District's motion for partial summary judgment should be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/NICOLE L. LYNCH/S/_____
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II


/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov