IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Randy Squires, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| District of Columbia, ) | Civil Action No.: 1:05-cv-01120 (JR) |
| ) | Judge James Robertson |
| Defendant. ) | |
| ) | |

## AMENDED JOINT PRE-TRIAL STATEMENT

COMES NOW Plaintiffs and Defendant, by and through the undersigned counsel, and files this Amended Joint Pre-Trial Statement, pursuant to United States District Court Local Rule 16. After unsuccessful efforts to settle the dispute at issue, Plaintiff is prepared to proceed with trial. Accordingly, the Parties hereby advise the Court of the following:

**(A)     Nature of the case.** Plaintiff is an African-American police officer employed by the District of Columbia Metropolitan Police Department ("MPD"). At all times referenced herein, he was employed in the Environmental Crimes Unit ("ECU") under the supervision of Lieutenant Robert Atcheson ("Atcheson").

Plaintiff alleges that Atcheson continually discriminated against him on the basis of race. Plaintiff claims that Lieutenant Atcheson created a pervasive and racially hostile working environment and treated him differently and much more harshly than similarly situated white officers. Plaintiff further alleges that after complaining about Lieutenant Atcheson's discriminatory conduct, Atcheson retaliated against him by taking several adverse actions designed to cause Plaintiff's removal from the ECU.

The District denies all allegations of discrimination, hostile work environment and retaliation.

## RANDY SQUIRES

Plaintiff Squires began his employment with MPD in October 1998. After being transferred to the ECU, Squires was forced to endure a variety of adverse actions taken against him as a result of Atcheson's racially motivated and retaliatory actions.

Atcheson subjected Squires to racially disparate treatment, which intensified after Plaintiff complained to his supervisors and file din EEO complaint. Thereafter, Atcheson subjected Squires to continuous discriminatory and hostile treatment and retaliatory conduct in several respects including, but not limited to, assignments, evaluations, disciplinary action, and excessive use of abusive and demeaning language, and disparate access to and use of police cars and emergency breathing equipment. Atcheson also continually abused Squires (and other non-white officers), referring to them as "worthless" and "useless pieces of shit." Squires was also denied training opportunities and overtime offered to similarly situated white police officers. Atcheson continuously sought to cause Squire expulsion and/or termination from the ECU.

**(B)    Plaintiff's claims**.  Plaintiff alleges racial discrimination, hostile workplace discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*. (Title VII").

Defendant's defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The District is not liable to Plaintiff under Title VII.

3. Plaintiff may have failed to exhaust his administrative remedies under Title VII.

4. All actions taken by District relating to Plaintiff were necessary and reasonable pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

2

5. Plaintiff was not subject to an adverse employment action.

6. Plaintiff was not subject to a hostile work environment.

7. The District has a bona fide EEO policy and procedures and, therefore, the District cannot be held liable to Plaintiff.

8. Plaintiff's claims are barred by the applicable statute of limitations.

9. Plaintiff has failed to exhaust administrative remedies as to his retaliation claim

10. Plaintiff was not subjected to retaliation.

**(C)** **Undisputed issues.**

All issues are in dispute.

**(D)** **Requested stipulations.**

Plaintiff's requested stipulations:

1. MPD determined that Atcheson discriminated against Squires at two levels: MPD Office of Diversity and EEO Compliance and MPD Police Trial Board.

2. The Chief of Police overturned these findings of discrimination.

3. All exhibits are authentic.

Defendant's objections:

1. The District objects to Plaintiff's requested stipulations on the grounds of prejudice and relevance.

Defendant's requested stipulations:

1. All exhibits are authentic.

**(E)** **Disputed issues.**

All issues of liability and damages are in dispute by the Parties.

**(F)    Relief sought.**

<u>Plaintiff</u>: Compensatory damages, attorney fees and costs.

<u>Defendant</u>: Dismissal of Plaintiff's suit against the District, with prejudice.

**(G)    Citations.**

None at this time.

**(H)    Pending motions.**

The Parties will file appropriate motion(s) *in limine*.

**(I)    Witnesses.**

<u>Plaintiff's witnesses</u>: Plaintiff reserves the right to examine any witnesses that Defendant calls at trial; in addition thereto, Plaintiff plans to call the following witnesses:

Plaintiff will call:

1. Commander Diane C. Groomes
   Commander Groomes will testify about the trial board hearings.

   <u>Objection</u>: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance.

2. Debbie-Anne Burt, EEO Investigator
   Ms. Burt will testify as to her EEO investigation.

   <u>Objection</u>: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance.

3. Lieutenant Shakir Talib Muslim
   Lieutenant Muslim will testify as to all facts relevant to this matter.

4.  Sergeant Louis White
    Sergeant White will testify as to all facts relevant to this matter.

5. Investigator Gregory Johnson
   Investigator Johnson will testify as to all facts relevant to this matter.

6. Investigatory Wai Tat Chung
   Investigator Chung will testify as to all facts relevant to this matter.

>Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance.

7. Detective Mary Bonaccorsy
   Detective Bonaccorsy will testify as to all facts relevant to this matter.

   Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance.

8. Janice Edmunds, EAP
   Ms. Edmunds will testify as to her provision of health care to Plaintiff.

Plaintiff may call:

9. Investigator Paul Kurgan
   Investigator Kurgan will testify as to all facts relevant to this matter.

10. Investigator Carl Ruleman
    Investigator Ruleman will testify as to all facts relevant to this matter.

Defendant's witnesses:

See Defendant's Witness List attached hereto.

(**J**)   **Exhibits.**

Plaintiff's exhibits:

1. EEO Statements of Complainants.
   Objection: The District objects to these documents on the grounds of hearsay, relevance and prejudice.

2. Letter of Direction from then Assistant Chief for the Office of Professional Responsibility, Peter Newsham, to Lieutenant Robert Atcheson, dated April 14, 2004.
   Objection: The District objects to this document on the grounds of hearsay, relevance and prejudice.

3. P.D. 62-E (Documentation Form) from Lieutenant Robert Atcheson to Sergeant Kathryn Hammond, dated May 20, 2004.
   Objection: The District objects to this document on the grounds of hearsay, relevance and prejudice.

4. Adverse Action Investigative Reports with Recommendations involving Investigator Randy Squires of the Environmental Crimes Unit, dated April 4, 2003 and June 9, 2003.

5. Vehicle Return Receipt and Vehicle Delivery Receipt from Acme Auto Leasing, LLC, dated July 21, 2003.
   Objection: The District objects to these documents on the grounds of hearsay, relevance and prejudice.

6. Memorandum from Lieutenant Robert Atcheson to Ms. Warren, Fleet Management, dated September 9, 2003.
   Objection: The District objects to this document on the grounds of hearsay, relevance and prejudice.

7. Reports of Warrant Investigations Section Vehicles, dated November 7, 14, 25 and December 2, 2003.
   Objection: The District objects to these documents on the grounds of hearsay, relevance and prejudice.

8. Dereliction Report – P.D. 750 for ECU Investigator Paul Kurgan, dated September 4, 2003.

9. Sergeant and Officer Performance Rating Forms for Warrant Squad and ECU members for rating period 2002-2003.
   Objection: The District objects to these documents on the grounds of hearsay, relevance and prejudice.

10. Report of Investigation – P.D. 854 for Conversations with FBI Supervisory Special Agent Ronald Chavarro, dated September10, 2004.
    Objection: The District objects to this document on the grounds of hearsay, relevance and prejudice.

11. Letter from Atcheson to Johnson, dated December 5, 2003.
    Objection: The District objects to this document on the grounds of hearsay, relevance and prejudice.

12. Discrimination Complaint against Atcheson.
    Objection: The District objects to these documents on the grounds of hearsay, relevance and prejudice and pursuant to Fed. R. Evid. 407.

13. Plaintiffs' Performance Evaluations.

14. Police Department Organizational Chart.
    Objection: The District objects to this document on the grounds of relevance.

15. Arrest Record for Randy Squires, January 1, 1996 through September 30, 2003.

16. Preliminary Report of Arrest of Randy Squires, dated July July21, 2001.

17. Memo from Atcheson, dated August 11, 2001.

6

18. Memo to Director of OPR from AC Broadbent, dated November 20, 2001.
    Objection: The District objects to this document on the grounds of hearsay, relevance and prejudice.

19. *In the Matter of Lt. Robert Atcheson Sixth District*, DRD #417-04, CS#03-1566, Findings of Fact and Conclusions of Law by Government of the District of Columbia, Metropolitan Police Department Adverse Action Panel.
    Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance

20. Letter from Jacqueline Johnson, Manager, Office of Diversity and EEO Compliance to Gregory Greene, Chairman, Fraternal Order of Police Metropolitan Police Labor Committee, dated October 28, 2004.
    Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance

21. Memo from Debbie-Ann Burt, EEO Investigator to Assistant Chief, Office of Professional Responsibility, dated September 13, 2004.
    Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance

22. Complainant / Suspect Statement of Cassandra Watts, dated October 20, 2003.
    Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance

23. Memo from Jacqueline Johnson, Manager to Jack Barrett, Commander, Office of the Superintendent of Detectives, dated November 21, 2003.
    Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance

24. *Robert Atcheson v. Metropolitan Police Department*, OEA Matter No. 1601-0055-06, The Office of Employee Appeals, dated September 12, 2007.
    Objection: The District objects to this witness on the grounds of lack of personal knowledge, prejudice and relevance

25. Randy Squires' Performance Reports

26. Memo from Lieutenant Robert Atcheson to Chief of Police, dated July 21, 2001

The District reserves the right to object, at trial, to any exhibit not herein specifically objected to.

Defendant's exhibits:

See Defendant's exhibit list attached hereto. Any and all exhibits relied upon by Plaintiff. Plaintiff reserves the right to object, at trial, to any of Defendant's exhibits.

**(K)  Deposition Testimony.**

Plaintiff: At this time, Plaintiff is not aware of the unavailability of any witness. Therefore, at this time, Plaintiff does not intend to introduce into evidence any deposition testimony, except for purposes of impeachment.

Defendant:  Defendant will use Plaintiff's depositions for impeachment or cross-examination purposes.

(**L**)  **Pleadings and discovery responses.**

Plaintiff:   Plaintiff reserves the right to use Defendant's responses to interrogatory requests and production of documents for impeachment or cross-examination purposes.

Defendant:   Defendant reserves the right to use Plaintiff's responses to interrogatory requests and production of documents for impeachment or cross-examination purposes.

(**M**)  **Demonstrative or physical evidence.**

Plaintiff: None.

Defendant: None.

(**N**)  **Videotape**.

Plaintiff:  None.

Defendant:  None.

**(O)  Voir dire.**

See the Parties *voir dire* questions attached hereto.

(**P**)  **Jury instructions.**

The Parties will submit non-standard jury instructions in accordance with the evidence at trial.

Plaintiff's Proposed Jury Instructions:
See Plaintiff's Proposed Jury Instructions attached hereto.

Defendant's Proposed Standard Jury Instructions:

1-1   FUNCTION OF THE COURT
1-2   FUNCTION OF THE JURY

| | |
|---|---|
| 1-3 | SIGNIFICANCE OF PARTY DESIGNATIONS |
| 1-4 | JUROR'S DUTY TO DELIBERATE |
| 1-5 | ATTITUDE AND CONDUCT OF JURORS |
| 1-6 | INSTRUCTIONS TO BE CONSIDERED AS A WHOLE |
| 1-7 | COURT'S COMMENTING ON THE EVIDENCE |
| 1-8 | COURT'S QUESTIONS TO WITNESSES |
| 1-9 | JURY NOT TO TAKE CUE FROM JUDGE |
| 1-10 | RULINGS ON OBJECTIONS |
| 1-11 | EQUALITY OF LITIGANTS -- CORPORATIONS |
| 2-1 | EVIDENCE IN THE CASE |
| 2-3 | INFERENCES |
| 2-4 | INADMISSIBLE AND STRICKEN EVIDENCE |
| 2-5 | STATEMENTS OF COUNSEL |
| 2-6 | JURY'S RECOLLECTION CONTROLS |
| 2-7 | EVIDENCE ADMITTED AGAINST ONE PARTY ONLY |
| 2-8 | BURDEN OF PROOF |
| 2-9 | EVIDENCE PRODUCED BY ADVERSARY |
| 2-10 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 3-1 | JURY TO DETERMINE CREDIBILITY OF WITNESSES |
| 3-2 | NUMBER OF WITNESSES |
| 3-3 | EXPERT OPINION |
| 3-8 | IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS |
| 3-9 | ADOPTING PRIOR INCONSISTENT STATEMENTS |
| 12-1 | DAMAGES -- JURY TO AWARD |
| 12-2 | EXTENT OF DAMAGES -- PROXIMATE CAUSE |
| 12-3 | BURDEN OF PROOF -- SPECULATIVE DAMAGES |
| 12-7 | DUTY TO MITIGATE |

**(Q)** **Itemization of damages.** For the injuries sustained as a direct result of the event described above, Plaintiff requests that the Court grant (i) compensatory damages and (ii) attorney fees.

**(R)** **Additional relief request.** Plaintiff requests no further relief.

Respectfully submitted,

TEMPLE LAW OFFICES

By: _____/s/_____
Donald M. Temple, Esq. (#408749)
1229 15th Street, NW
Washington, DC 20005