IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:05-cv-01120 (JR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY
REGARDING ADVERSE ACTION INVESTIGATION
OF RANDY SQUIRES (CS-03-0053, OSD-02-0346)**

COMES NOW Plaintiff Randy Squires, by and through the undersigned counsel, and hereby moves this Court, *in limine*, for an order, pursuant to Federal Rules of Evidence 402 and 403, excluding evidence and testimony regarding the adverse action investigation of Investigator Randy Squires, relative to allegations by Lieutenant Robert Atcheson that Investigator Squires lacked productivity for the month of November 2002.

Further support for Plaintiff's motion is contained in the accompanying memorandum of points and authorities.

Respectfully submitted,

/s/ Donald M. Temple /s/
Donald M. Temple #408749
1229 15th Street, NW
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDY SQUIRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-01120 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING ADVERSE ACTION INVESTIGATION OF RANDY SQUIRES (CS-03-0053, OSD-02-0346)**

On December 3, 2002, Lieutenant Robert Atcheson ("Lieutenant Atcheson"), Commander of the Environmental Crimes Unit ("ECU"), requested a written statement from Investigator Randy Squires ("Investigator Squires") regarding Lieutenant Atcheson's allegation that Investigator Squires lacked productivity for the month of November 2002. See document group at Attachment #1. According to Investigator Squire's P.D. 119 written statement, he was working on three cases that were under investigation. *Id*. On January 15, 2003, Sergeant Louie White ("Sergeant White") was directed by Lieutenant Atcheson to have Investigator Squires gather all his investigative files, reports, notes and any other related documentation for the months of October, November and December 2002 and report to Lieutenant Atcheson's office for a document review. *Id*. Investigator Squires and Sergeant White responded to Lieutenant Atcheson's office with all of Squires' investigations for a file review. *Id.* At that time, Squires was unable to produce investigative files, reports, notes or any other documentation to support several pictures of illegal dumping at three different locations, which he asserted were under

2

investigation.  *Id*.  After a lengthy investigation, Sergeant White concluded that Squires had indeed done some investigative work at three different locations and he had not made a false statement to that effect.  *Id.*  Based thereupon, Sergeant White recommended that no action be taken against Investigator Squires.  *Id*.  In this instance, no action was taken against Squires.  *Id*.

Allegations that are not sustained and otherwise unsubstantiated, by implication, have no probative value.  Hence, Lieutenant Atcheson's allegation of Investigator Squires' lack of productivity for the month of November 2002 has no probative value and should be excluded pursuant to Fed. R. Evid. 402.  In the same wise, Lieutenant Atcheson's allegations are irrelevant because they were unsubstantiated and not sustained and therefore of no consequence to any determination in this matter.  Introducing evidence of unfounded bald allegations by the accused against the plaintiff would only serve to unfairly prejudice the plaintiff in the eyes of the jury.  While this would work to the advantage of the defendant, it is a clear violation of Fed. R. Evid. 403.

WHEREFORE, Plaintiff Randy Squires respectfully urges this Honorable Court to grant Plaintiff's instant motion in limine to exclude any and all evidence and testimony regarding the adverse action investigation of Randy Squires (CS-03-0053, OSD-02-0346).

Respectfully submitted,

/s/ Donald M. Temple /s/
Donald M. Temple #408749
1229 15th Street, NW
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDY SQUIRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-01120 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **ORDER**

THIS MATTER having come before this Court on Plaintiff's Motion in Limine and the Court being duly advised in its premises, it is hereby

ORDERED that Plaintiff's Motion is GRANTED; and, it is further

ORDERED that any and all evidence and testimony regarding the adverse action investigation of Randy Squires (CS-03-0053, OSD-02-0346) is hereby excluded from being introduced at the trial in this matter.

SO ORDERED this _____ day of February 2008.

_____
JUDGE OF THE DISTRICT COURT

ATTEST

_____
Clerk of the Court

Distribution List:
Donald M. Temple
David A. Jackson

4