IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:05-cv-01120 (JR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|       Defendant. | ) |
| | ) |
| _____ | ) |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING RANDY SQUIRES MEDICAL NO-SHOW (CS # 05-2040)**

COMES NOW Plaintiff Randy Squires, by and through the undersigned counsel, and hereby moves this Court, *in limine*, for an order excluding evidence and testimony regarding Plaintiff's failure to appear, on October 28, 2005, for a scheduled appointment with the Police and Fire Clinic ("Clinic").  Plaintiff seeks exclusion of this information on the grounds that it is irrelevant to the matter at hand and its probative value, if any, is substantially outweighed by its prejudice, confusion and waste of time.  Further support for Plaintiff's instant motion is contained in the accompanying memorandum of points and authorities.

                                                Respectfully submitted,

                                                /s/ Donald M. Temple /s/
                                                Donald M. Temple #408749
                                                1229 15th Street, NW
                                                Washington, DC 20005
                                                Tel: (202) 628-1101
                                                Fax: (202) 628-1149

                                                Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDY SQUIRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-01120 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING RANDY SQUIRES MEDICAL NO-SHOW (CS # 05-2040)**

On October 28, 2005, a P.D. 141 was received from (Metropolitan Police Department) Medical Services Division, stating that Investigator Randy Squires ("Plaintiff" or "Investigator Squires") missed a scheduled 1430 hours Clinic appointment in reference to a follow-up physical exam. See document group, pp. 524-541 at Attachment #1. Upon investigating this mater, Sergeant Louie White ("Sergeant White") found that Investigator Squires did report to the Medical Services Division on October 28, 2005, the date of his scheduled appointment, but he did not report until 1630 hours, two hours after the time of his scheduled appointment. *Id*. at p. 526.

As referenced in a memorandum by the Medical Services Division, General Order 1001.1 (Medical Services) Part 1H(6) states in part, "Failure to appear at the Clinic when scheduled or … failure to cancel a scheduled appointment on a timely basis shall be handled as a "No Show" for a duty assignment. *Id*. at p. 529. Consequently, Investigator Squires received a PD 750 for Late/No-Show for a Clinic appointment, as required by General Order 1001.1 Part HC.

Attachment #1 at p. 535.  Nonetheless, Sergeant White made note in his investigation of this matter that Investigator Squires, during his then-seventeen year employ with MPD, had never had an incident of this nature and had an "outstanding record for attending and keeping commitments on a regular basis."  *Id*. at p. 536.

Defendant's Witness List, attached to the Parties Joint Pretrial Statement, reveals that Defendant plans to introduce into evidence documentation and/or testimony relating to Plaintiff's October 28, 2005 Medical No-Show, including the memorandum from Michael L. Anzallo, dated December 5, 2005, memorandum from Sergeant Louie White, dated December 5, 2005 and letter from Jacqueline Johnson, dated October 28, 2004.  Plaintiff hereby makes this anticipatory objection and moves to exclude the introduction of such evidence on the grounds that it is irrelevant.

According to Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible."  It is well-established that relevant evidence must have a tendency to prove or disprove the matter at hand.  (Fed. R. Evid. 401).  Plaintiff's claims revolve around actions by Lieutenant Robert Atcheson ("Atcheson"), relative to Atcheson's disparate treatment of Plaintiff based on Plaintiff's race, Atcheson's use of racially abusive language and actions, and Atcheson's retaliatory conduct.  The subject Medical No Show in no way involves Lieutenant Atcheson or otherwise has any bearing whatsoever on the matter at hand.  Plaintiff's October 28, 2005 Medical No Show simply does not involve and in no way implicates the allegations underlying this suit or Defendant's defenses thereto.

Furthermore, even if the October 28, 2005 Medical No-Show has some relevancy, it is still inadmissible under Federal Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

The fact of the matter is that the District can present no witness to testify that the subject Medical No-Show has any bearing on Squires' allegations of racial discrimination in this action. On the other hand, to simply allow Defendant to banter on about Plaintiff being two hours late for a medical appointment would do nothing but serve to label Plaintiff as an irresponsible employee, even though Plaintiff's tardiness for a medical appointment and the fact that he received a required No-Show, as standard procedure, has nothing to do with the discrimination alleged in this action. Such irrelevant and non-probative information is exactly the type of evidence that Fed. R. Evid. 403 was designed to exclude.

   WHEREFORE, Plaintiff Randy Squires respectfully urges this Honorable Court to grant Plaintiff's instant motion in limine to exclude any and all testimony regarding Randy Squires Medical No Show (CS# 05-2040).

                                        Respectfully submitted,

                                        /s/ Donald M. Temple /s/
                                        Donald M. Temple #408749
                                        1229 15th Street, NW
                                        Washington, DC 20005
                                        Tel: (202) 628-1101
                                        Fax: (202) 628-1149

                                        Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SQUIRES,                )<br>                                             )<br>            Plaintiff,            )<br>                                             )<br>    v.                                    )<br>                                             )<br>DISTRICT OF COLUMBIA,     )<br>                                             )<br>            Defendant.          )<br>                                             )<br>_____) | CASE NO. 1:05-cv-01120 (JR) |

## **ORDER**

THIS MATTER having come before this Court on Plaintiff's Motion in Limine and the Court being duly advised in its premises, it is hereby

ORDERED that Plaintiff's Motion is GRANTED; and, it is further

ORDERED that any and all evidence and testimony regarding Randy Squires Medical No Show (CS# 05-2040) is hereby excluded from being introduced at the trial in this matter.

SO ORDERED this _____day of February 2008.

_____
JUDGE OF THE DISTRICT COURT

ATTEST

_____
Clerk of the Court

Distribution List:
Donald M. Temple
David A. Jackson